### *In re* Henry Siebert.

**No. 11,571.**  ( 58 Pac. 971.)

1. Constitutional Law — *Warrants in Vacation.* The statute (Gen. Stat. 1897, ch. 102, § 88; Gen. Stat. 1899, § 5318) which authorizes clerks of the district court in vacation to issue warrants of arrest and to admit to bail in misdemeanor cases is not unconstitutional as conferring judicial power on a ministerial officer.

2. Criminal Procedure — *Surrender by Sureties.* In case an accused person is let to bail his sureties may surrender him to the sheriff in the mode pointed out by statute; and upon the surrender the sheriff takes and detains the prisoner by virtue of the original process by which he was arrested.

Original proceeding in *habeas corpus.* Opinion filed November 11, 1899. Petitioner remanded.

*W. H. Carpenter,* for petitioner.

*King & Kelley,* and *J. T. Dickerson,* county attorney, for respondent.

The opinion of the court was delivered by

Doster, C. J. : This is an original proceeding in *habeas corpus.* An information was filed during vacation in the clerk's office of the district court of Marion county against Henry Siebert, charging him with the unlawful sale of intoxicating liquors. Upon the filing of this information the clerk of the district court issued a warrant to the sheriff commanding him to arrest the said Siebert to answer the charge, and to bring him before the judge of the district court, or himself as clerk of said court, to be admitted to bail for his appearance at the next term. The arrest was made and the accused brought before the clerk, on account of the absence of the judge. Bail was fixed by the clerk and given. Subsequently the sureties on

*In re* Siebert.

his bond procured from the clerk a certified copy of that instrument, and, in conformity to the procedure of the statute, delivered their principal and a copy of the bond to the sheriff, who received the surrender, and thence detained the accused in his custody.

The petitioner claims that his detention is unlawful because the clerk of the district court, notwithstanding the provisions of section 88, chapter 102, General Statutes of 1897 (Gen. Stat. 1899, § 5318), had no authority to issue the warrant for his arrest, and consequently the sheriff had no authority to arrest and detain him. The argument is that the issuance of warrants is a judicial act and can only be performed by a judicial officer upon hearing and consideration; that the clerk was not a judicial officer and had no authority to hear and determine. Among other cases, and as the one most nearly parallel in respect to its facts, *People v. Colleton*, 59 Mich. 573, 26 N. W. 771, is cited. Among the decisions of this court, *In re Simms, Petitioner*, 54 Kan. 1, 37 Pac. 135, and *In re Huron*, 58 id. 152, 48 Pac. 574, are cited. In the case of Simms it was held that the statute which assumed to confer on county attorneys the power to commit witnesses for contempt on account of their refusal to be sworn or to testify before him was unconstitutional because attempting to confer judicial powers on a merely executive officer. In the case of Huron a similar holding was made as to a statute which assumed to authorize a notary public to commit a witness for a like contempt to be sworn or to testify. We do not regard these cases as bearing directly upon the one under consideration. In those the powers which the statute assumed to confer and which the officers named attempted to exercise were the powers of final hearing and judgment. They were the powers

8—61 KAN.

to convict and punish. They were not the powers of provisional arrest and detention, and were not conferred or executed to secure the attendance of witnesses or parties but were exercised for purposes of punishment. The power to sentence and condemn is essentially judicial and cannot of course be exercised by any other agency than a court, or tribunal assimilated to a court. In this case no sentence or condemnation was passed. The warrant only commanded the arrest and detention of the accused to await the sitting of court or to give a recognizance for his appearance.

It is true that the constitution ordains that no warrants shall issue except upon probable cause supported by oath or affirmation. The information filed against the petitioner was supported by an oath in positive form. This, within the former decisions of this court, was a statement of probable cause. " Where an information states an offense and is sworn to positively by some person, it is sufficient of itself to authorize the clerk to issue a warrant for the arrest of the defendant without any finding by the clerk or other person of probable cause to believe the defendant guilty." (*The State v. Brooks,* 33 Kan. 708, 7 Pac. 591. See, also, *The State v. Schweiter,* 27 id. 499; *In re Eddy, Petitioner,* 40 id. 592, 20 Pac. 283; *The State v. Johnson,* 60 id. 860, 58 Pac. 559.) When an information has been sworn to positively no inquiry can be had into the question whether the prosecuting witness or county attorney verifying the charge had in reality probable cause to believe it to be true. (*Holton v. Bimrod,* ante, p. 13, 58 Pac. 558.)

It results, therefore, from the views heretofore expressed in cases which have relation to the question under consideration that the clerk of the district

*In re* Siebert.

court who issues a warrant of arrest in vacation does
not act in a judicial capacity.   He hears nothing, de-
cides nothing.    The information charging a misde-
meanor, being sworn to positively, sets in motion
through the clerk the machinery of the law for the
arrest, detention and letting to bail of the accused.
A contrary view seems to have been taken in *People v.
Colleton*, supra, but we are not convinced by it.    The
case *In re Luther L. Durant*, 60 Vt. 176, 12 Atl. 650,
holds in harmony with the view we entertain.    In
that case the court seemed to intimate that the act of
the clerk in issuing warrants of arrest in vacation
would be construed as "*quasi* judicial," but, if so,
that it was justified by the long-continued practice of
such officers sanctioned by the courts to exercise the
authority.   The question whether a statute may con-
stitutionally authorize a clerk of a court to admit to
bail is kindred to the question whether he may be au-
thorized to issue a warrant of arrest.    In *State v. Sure-
ties of Krohne*, 4 Wyo. 347, 34 Pac. 3, it was contended
that such power was judicial in its nature and could
not, therefore, be conferred on the clerk.    The con-
trary, however, was decided in a very well-reasoned
opinion.

The petitioner likewise contends that his detention
by the sheriff is unlawful because neither his sureties
nor any one else procured a new order of arrest or
commitment.    It is claimed that a certified copy of
the recognizance, which the statute requires to be pro-
cured and delivered to the sheriff by the sureties along
with the body of their principal, is not process and
cannot authorize the sheriff to take and detain him as
a prisoner.    It is sufficient to say in reply to this that
in immemorial legal theory the petitioner never was
discharged from custody.   The giving of the recog-

nizance by him only operated to transfer the custody of his person from the sheriff to his sureties. Thenceforth they, instead of the sheriff, were his jailers. Blackstone defines bail as "a delivery or bailment, of a person to his sureties, upon their giving ( together with himself ) sufficient security for his appearance : he being supposed to continue in their friendly custody, instead of going to gaol." ( 4 Bla. Com. 297.) There was, therefore, no occasion for the issuance and service of a new order of arrest nor for a warrant of commitment. The prisoner having been thus retransferred from the custody of one jailer to another from whom the former had received him, the latter jailer again took him, and thence was authorized to detain him under the original warrant by which he had been arrested.

The effect of a surrender of an accused by his bail is to remit him to the same condition he was in before the recognizance was given ; he is then held on the original process against him, no new process being necessary to justify his confinement. (*Patillo v. The State*, 9 Tex. App. 456.) The fact that upon the giving of a recognizance in behalf of an accused person and the delivery of him to the custody of his sureties the sheriff makes return of his warrant to the clerk of the court, and the fact that the statute may require him to do so (and as to whether it does we have not examined and deem it immaterial ) can make no difference. The sheriff would have the right to repossess himself of the warrant for the purpose of indorsing thereon his further acts necessarily performed.

It is ordered that the petitioner be remanded to the custody of the sheriff.