# CASES ARGUED AND DECIDED

—— IN THE ——

# SUPREME COURT OF MISSISSIPPI,

—— AT THE ——

## NOVEMBER TERM, 1904.

---

### EMILE CHRISMAN *v.* CITY OF JACKSON.

1. MUNICIPALITIES. *Legislative ordinance. Self-executing. Laws* 1860, *p.* 304, *ch.* 261, *sec.* 4.

Where by act of the legislature (Laws 1860, p. 304) it is provided that "all offenses against the criminal laws of this state occurring in the limits of a designated city, not amounting to a felony, shall be deemed violations of the ordinances of the city and punishable as such, it is unnecessary to the prosecution of a party charged thereunder that the city should have enacted an ordinance covering the case, since the legislative act is independent of the city's action.

2. SAME. *Codification of ordinances. Code* 1892, § 3010.

Proof of a compilation of the existing ordinances of a city and their codification, under Code 1892, § 3010, authorizing such codification, after the adoption by the city of the code chapter on municipality (Code 1892, chap. 93), is evidence that an ordinance therein contained is duly in force.

3. SAME. *Coming under code. Ordinances.*

When a city, town, or village comes under the code chapter on municipalities (Code 1892, chap. 93), it is not required to republish its ordinances.

FROM the circuit court of, first district, Hinds county.

HON. DAVID M. MILLER, Judge.

Affidavit was made in the police justice's court of the city of Jackson against appellant, Chrisman, for unlawfully selling intoxicating liquor. He was tried and convicted, and appealed to the circuit court. On the trial in the circuit court the mayor of the city of Jackson was introduced as a witness, and testified that, under the provisions of an ordinance directing him to do so, he compiled the existing city ordinances, in 1900, which were codified in pursuance of § 3010, Code 1892. This compilation was then introduced in evidence. The district attorney also introduced in evidence ch. 261, p. 304, of the laws of 1860, which is set out in the opinion of the court. The mayor was asked on cross-examination if there was ever any publication of these ordinances, and he answered that he did not know. The defendant then moved the court to exclude the testimony of the mayor in regard to the city ordinances on the ground that proof of publication of the ordinances was not shown. The motion was overruled, and defendant excepted. Defendant was convicted, and sentenced to pay a fine and to imprisonment in the county jail, and appealed to the supreme court.

*P. H. Lowry,* for appellant.

Is it necessary for the prosecution to prove the publication of the ordinance upon which the charge is based, in order to secure a conviction? The contention of the city attorney is that the proof of the ordinance before the mayor's court is unnecessary, and therefore that the proof is unnecessary on the trial of the case on appeal to an appellate court, although the case is to be tried *de novo.* I respectfully submit that this contention is not sound. Section 86, of the code, prescribes that after a defendant in a criminal case has complied with all the requisites in cases of appeal, "on his appearance in the circuit court the case shall be tried anew, and disposed of as other cases

pending in said court." I submit that the case of *Naul* v. *Mc-Comb City,* 70 Miss., 699, is conclusive of the case at bar.

*Thompson & Stricker,* on the same side.

We submit that the city of Jackson had no ordinance against the sale of liquor. It was for this reason that proof of publication could not be made.

Code 1892, § 3008, and other portions of the chapter on municipalities define clearly how a municipality must pass ordinances. Exercising limited legislative functions, having no inherent power, and being a mere creature of the legislature, a sort of a governmental agent, created for certain definite purposes, and acting on the authority of the sovereign in a particular manner and locality, it can do nothing but what the legislature allows it to do, nor in any other manner than that prescribed. Any act out of its sphere is, in its nature, an independent act, presuming independent power, which no municipality possesses. A municipal corporation is no more than one of the various roads through which the government reaches the public, one of many mediums through which the sovereign touches certain interests. The real power, the seat of authority, transcends this corporate agency. It exists only by sovereign permission. *People* v. *Assessor of Watertown,* 1 Hill, 616.

It depends for its existence upon legislative acts, and to that it owes its vitality. *Dartmouth College* v. *Woodworth,* 4 Wheat., 518, 636; *First National Bank Case,* 42 Mo., 581; *Martin* v. *Dix,* 52 Miss., 53.

Pretending to avail itself of an act of the legislature of 1898, Laws 1898, ch. 75, entitled an act to confer upon the mayor and board of councilmen of the several cities, towns, and villages of this state, power to pass ordinances providing for the punishment of all acts which are offenses against the laws of the state, and punishable thereunder, when committed within the corporate limits of cities, towns, and villages, the mayor and board of aldermen of the city of Jackson passed the

pretended ordinance which attempts to include with one fell swoop all offenses against the state laws, something neither contemplated nor allowed by the code.

*McWillie & Thompson,* and *William Williams,* attorney-general, for appellee.

Is it necessary for the prosecution to prove the publication of the ordinance upon which the charge is based in order to secure the conviction of an offender? We think not. Certainly it would be an anomaly to require such proof, or proof of the ordinance itself, in the trial before the mayor, the municipal court. Do not the courts of a municipality take judicial notice of its ordinances? Most certainly they do. *Moundsville* v. *Velton,* 35 W. Va., 217 (s. c., 13 S. E. Rep., 373); Dillon, Municipal Corporations, sec. 413 (24 Kan., 211). How absurd it would be to require proof of every ordinance before the mayor's court!

If it is unnecessary to prove the ordinance before the mayor's court, does it not logically and reasonably follow that it is unnecessary to make the proof upon the trial of the case on appeal, even if the trial be on appeal *de novo?* Are not appellate courts required to take judicial notice of everything of which the court of original jurisdiction is authorized to take such notice? We think so. See authorities above cited.

It is true that in the case of *Naul* v. *McComb City,* 70 Miss., 699, this court seems to have decided otherwise, and to have held that the circuit court, on an appeal from a municipal court, would not take judicial notice of the ordinances of the municipality. But we respectfully submit that this court in that case erroneously applied the general rule to a case which clearly fell within a well-defined exception to the rule.

The general rule (the one erroneously applied in *Naul* v. *McComb City, supra*) is that courts will not take judicial notice of municipal ordinances, but the exception is that municipal courts will take such notice, and that all other courts

while exercising appellate jurisdiction on appeals from the courts of the municipality, even if the trial be *de novo,* will also take such notice. See authorities cited *supra.*

In this case, however, in deference to the decision in *Naul v. McComb City,* proof of the ordinance was duly made. This proof reduced the question to whether proof of publication of the ordinance was necessary to conviction. The Naul case, *supra,* has probably turned loose more criminals in this state (we are thankful that they were misdemeanants) than all other judicial decisions ever made by this court, and it ought to be overruled; but whether it is or not, the judgment appealed from in the case at bar should be affirmed so far as concerns the question we are discussing.

Whether proof of the publication of an ordinance be necessary in any suit based upon the ordinance is a matter determinable by statute. We find many judicial authorities holding such proof necessary, but all of them, so far as we know, are based on statutory provisions. In many states it is provided by statutes that municipal ordinances shall not become operative until after publication, and in one state, at least, there is a constitutional provision to that effect. Of course the decisions of the courts of such states require proof of the publication because of such statutory or constitutional provision. Run out all authorities holding proof of publication necessary, and it will be found, we think, that they all rest on such a provision, and if one be found which is not so supported, it is wrongfully founded on those which are, and will illustrate the danger of following judicial decisions without observing the controlling idea or basis on which they rest.

We have neither a statutory nor a constitutional provision of such character. Our chapter on municipalities (ch. 93, Code 1892) sharply draws the distinction between ordinances which are to take effect only after publication and those which take effect without reference to publication, and the ordinance in-

volved in this case is not of the class which are to be published before becoming operative.

Look at Code 1892, § 2912a (the amendments to it are immaterial in this connection), and it will be seen that an ordinance passed under it does not, and cannot, "become operative until it shall have been published for three weeks," etc. Now turn to Code 1892, § 3006, and see that the requirements are "that ordinances . . . shall, as soon as practicable after they are passed, be published . . . for three weeks," and that they shall not be enforced, "unless for cause the contrary be ordered," for one month after their passage.

Not only is there an absence from sec. 3006 of a provision making the operation of ordinances depend on publication, such as is found in sec. 2912a, but the municipal authorities are expressly empowered to put them in force at once. The very existence of this power is incompatible with the idea that their operation depends on publication.

The legislature knew how to make the operation of ordinances depend on publication when it was desired to do so, and did so unmistakably in sec. 2912a. In sec. 3006, however, no such requirement is to be found. The provision in that section pertaining to publication is merely directory, because immediately following it in the same section the legislature treats of the subject as to when ordinances are to become operative, and provides that "ordinances shall not be enforced, unless for cause the contrary be ordered, for one month after their passage." It does not say after their publication, or after their passage and publication, but it does fix the time for them to become operative as one month after passage, unless for cause they be put in force at once.

Of course all ordinances under sec. 3006 stand on the same footing touching publication as a prerequisite to their becoming operative. If it can reasonably be said that the provision that "all ordinances shall be published" requires publication before they become operative, it means what it says—all ordi-

nances; and yet it is idle to say, under the section, that an ordinance cannot for cause be made to take effect at once. Therefore all ordinances are not required to be published before taking effect. Some ordinances, therefore, do not have to be published for three weeks before becoming operative. Which ones? The section does not draw any distinction. They are all directed to be published. The truth is, when we examine the section to ascertain the conditions upon which ordinances are to become operative, we find it in the last lines of the section in these words, "And ordinances shall not be enforced, unless for cause the contrary be ordered, for one month after their passage." The passage of an ordinance coupled with the mere lapse of time is the only condition to their enforcement, and the lapse of time may, for cause, be dispensed with by the municipal authorities.

The statute does not anywhere require the municipal authorities to adjudge that publication has been made, save in the one class of ordinances which cannot, by express legislative provision, be enforced until after publication, and that is found in Code 1892, § 2914. This demonstrates legislative intent that all other ordinances do not depend upon publication for their validity.

TRULY, J., delivered the opinion of the court.

The ordinance on which this prosecution is based was properly proven on the trial. The record shows that the district attorney introduced ch. 261, p. 304, of the Acts of 1860, being a legislative amendment of the charter of the city of Jackson. A reading of that act discloses that the fourth section thereof provides that "all offenses against the criminal laws of this state occurring within the limits of said corporation, not amounting to a felony, shall be deemed violations of the ordinances of the city of Jackson and punishable as such." This was a part of the fundamental law of the city, requiring no ordinance to put it into operation or effect. Under that law any violation

of the criminal laws of the state, if a misdemeanor, could have been prosecuted in the name of the city, even had no special ordinance ever been adopted embodying this provision. The record further shows proof of a compilation of all existing ordinances in 1890, and the codification thereof pursuant to the provisions of § 3010, Code 1892, subsequent to the adoption by the city of the code chapter on "Municipalities." This was positive and direct evidence that the ordinance for the violation of which appellant was convicted was duly in force. The ordinances in force at the date of the acceptance of the municipal chapter did not require another publication, even conceding, which we expressly do not, that after proof has been made of the existence of an ordinance, and that it had been regularly adopted, still it devolves upon the city to show that the ordinance had in fact also been published. In case of ancient ordinances this would often be impossible.

*Affirmed.*