TOWN OF OAKLAND *v.* JOHN MILLER.

[43 South., 467.]

MUNICIPALITIES. *Ordinances. Crimes. Municipal offenses. Felonies.* Code 1906, § 3410.

A municipal ordinance undertaking to make all crimes against the state, including felonies committed within municipal limits, a municipal offense, is void; Code 1906, § 3410, giving all the authority granted in the premises, expressly limits the power to misdemeanors.

FROM the circuit court of, first district, Yalobusha county.

HON. SAMUEL C. COOK, Judge.

Miller, the appellee, was convicted in the mayor's court of the town of Oakland, of violating an ordinance of the town. The specific charge against him was that he unlawfully gave away intoxicating liquor to induce trade, an act punishable as a misdemeanor under the laws of the state. He was fined $90, and appealed to the circuit court. In the circuit court he made a motion to dismiss the charge against him, because, as alleged in his motion, there was no valid ordinance of the town in force prohibiting the act at the time it was committed. The circuit court sustained the motion and dismissed the prosecution.

*C. H. Broome,* for the appellant.

If the legislature did not intend that an ordinance, such as the one now in question, should be valid and binding, then ch. 75 of the act of 1898, is meaningless and superfluous. This chapter empowers municipal boards to adopt ordinances to the effect that all acts punishable under the laws of this state shall, when committed within the municipal limits, be offenses against the municipality, and be punishable by the municipality. Moreover, Code 1892, § 2938, gives each municipality full

power to make all needful police regulations for the preservation of good order in the municipal limits.

It would be useless for the legislature to give to the several municipalities the powers conferred upon each municipality by the Code of 1892, unless the legislature also intended to authorize the mayor and board of aldermen to pass one general ordinance like the one now being considered.

The act of 1898 did not define any new offenses, nor did it give municipalities any new powers to define offenses, but its plain and simple purpose was to confer upon municipalities the power to adopt by one general ordinance the criminal law of the state so that the same should be the criminal law of the municipality. Such was the purpose of this ordinance of the town of Oakland.

*May, Flowers & Whitfield,* for appellee.

The charge against appellee was made in January, 1906, hence the Code of 1892 applies. It is provided by Code 1892, § 3007, that "all ordinances shall be read and considered by sections at a public meeting of the mayor and board of aldermen." Code 1892, § 3008, provides that "an ordinance shall not contain more than one subject, which shall be clearly expressed in its title; and an ordinance shall not be amended or revised unless the new ordinance contain the entire ordinance as revised, or the section or sections as amended, and the original shall thereby be repealed."

Chapter 75, sec. 1, of the acts of 1898, states as follows: "Be it enacted by the legislature of the state of Mississippi, that the boards of mayor and aldermen and mayor and councilmen of the several cities, towns, and villages of this state, in addition to the powers now conferred on them by law, be and the same are hereby authorized and empowered to adopt ordinances declaring all acts which are punishable under the laws of this state, when committed within their corporate limits, offenses

against such cities, towns and villages, and provide for their punishment."

It is clear that the so-called ordinance, upon which the town of Oakland rests its case, is no ordinance at all, and that the same is null and void. We have shown above the only method whereby ordinances should be passed by municipalities. The town of Oakland passed no ordinance at all according to the code requirements, but merely adopted the provision passed by the legislature which conferred upon the mayor and board of aldermen the *power* to pass ordinances holding offenses against the laws of the state to be offenses against the municipality.

Under this so-called ordinance a man might be convicted in the mayor's court of Oakland of any number of totally different offenses, under the same ordinance. And one might be tried and convicted of a felony before the mayor, if the ordinance, as adopted, were alone looked to. For no distinction is made between felonies and misdemeanors, and no limitations made as to grades of crimes.

By Code 1906, § 3410, the legislature sought to authorize municipalities to provide by general ordinance that offenses against the laws of the state shall be also offenses against the municipalities when committed within municipal limits. But this code section carefully limits the grade of offenses, the language of the section being, "all offenses under the penal laws of the state amounting to a misdemeanor."

WHITFIELD, C. J., delivered the opinion of the court.

The alleged ordinance of the town of Oakland set out in the record is in the following words "Be it ordained by the mayor and board of aldermen of the town of Oakland, state of Mississippi, that all acts punishable under the laws of the state of Mississippi, when committed within the municipality of the village of Oakland, are hereby declared to be offenses against said town and hereby punishable by a fine of not over $100, or imprisonment not exceeding thirty days, or both." This

ordinance is absolutely null and void, because it attempts to clothe the mayor of Oakland with jurisdiction over felonies, as well as misdemeanors. It expressly provides that all acts punishable under the state laws, etc., shall be punished as offenses against the town. This expressly includes felonies of every grade, as well as misdemeanors. For that reason the ordinance is manifestly void. Code 1906, § 3410, provides that "all offenses under the penal laws of the state amounting to a misdemeanor shall, when so provided by a general ordinance of the municipality, also be offenses against the city, town, or village in whose corporate limits the offense may have been committed with the same effect as though such offenses were made offenses against the city, town, or village by separate ordinance in each case"—carefully limiting the jurisdiction of villages, towns, and cities to misdemeanors. In *Emile Chrisman* v. *City of Jackson*, 84 Miss., 787, 37 South., 1015, the act of 1860 (Laws 1860, p. 304, ch. 261, sec. 4) was sustained, because, as expressly pointed out in the opinion, "the provision was that all offenses against the criminal laws of this state occurring within the limits of said corporation, not amounting to felony, shall be deemed violations of the ordinances of the city of Jackson, and punishable as such." The opinion expressly comments upon the fact that only misdemeanors were dealt with; but this ordinance here under review of the town of Oakland sweepingly provides that not only misdemeanors against the city, but that all felonies against the state, shall be dealt with by the mayor of the town as if he had full jurisdiction.

*It is manifestly void, and the judgment is affirmed.*