# Kreulhaus *v.* City of Birmingham.

*Violating Municipal Ordinance.*

(Decided Dec. 21, 1909.—51 South. 297.

1. *Municipal Corporations; Ordinances; Validity.*—An ordinance which provides that all misdemeanors under the laws of the state as defined by the statutes or by the common law are hereby declared to be misdemeanors under the ordinances of the city, is void, for indefiniteness, since municipalities have no power to punish crime against the state in general, and for the further reason that municipal ordinances are quasi criminal and must be clear, certain, definite and duly promulgated.

2. *Constitutional Law; Distribution of Power; Judicial Power.*— Authority conferred upon the clerk of a court of criminal jurisdiction to issue warrants of arrest is not a judicial power capable of being conferred only on judicial officers, since such warrants are based and issued only upon verified complaints and are returnable not to the clerk but to the court from which they issued.

APPEAL from Jefferson Criminal Court.

Heard before Hon. S. L. WEAVER.

Fred Kreulhaus was convicted of a violation of one of the municipal ordinances of the city of Birmingham, and he appeals. Reversed and defendant discharged.

ALLEN & BELL, for appellant.—Counsel insist that the acts permitting the affidavit to be made before the clerk of the inferior court of Birmingham and war-- rants issued by him returnable to said court is viola- tive of section 5 of the bill of rights, Constitution 1901, and also violative of section 45 of said Constitution. They cite a number of Alabama authorities to .sustain their contention, but it is not deemed necessary to here set them out. They also cite numerous authorities to show that the ordinance is quasi criminal, and that the defendant could not be dealt with in a summary pro- ceeding, but should have been granted a trial by jury as

demanded. Counsel insist that the act was void for indebtedness and uncertainty.

J. Q. SMITH, and H. A. LOCK, for appellee.—The ordinance was not void for uncertainty or indefiniteness. —*Harbrough v. Monmouth*, 74 Ill. 367; *Kattering v. Jacksonville*, 50 Ill. 39. The issuance of a warrant by the clerk was not the conferring of judicial power of one not a judicial officer.

SAYRE, J.—This appeal raises a great number and variety of questions, but we think the consideration of one will suffice to dispose of the case. Appellant had done an act—we will assume for the purposes of the argument—denounced by the legislative enactment of March 12, 1907, entitled "An act to define and punish aiding, abetting or counseling or procuring an unlawful sale, purchase, gift or other unlawful disposition of spirituous, vinous or malt liquors, or liquors prohibited by law from being sold, given away or otherwise disposed of."—Acts 1907, p. 366. He was prosecuted for the violation of an ordinance of the city of Birmingham which is as follows: "Sec. 805 (as amended). All offenses that are misdemeanors under the laws of the state of Alabama, as defined by statutes or by the common law in force in the state of Alabama, are hereby declared to be offenses and misdemeanors under the laws and ordinances of the mayor and aldermen of the city of Birmingham, except the violation of the state revenue laws, and punishable upon conviction in the police court of Birmingham as provided in section 806 of this Code." The record affords no information as to the date of the adoption of the quoted ordinance.

Municipal quasi criminal ordinances, as well as ordinances of a different character, must be clear, certain,

and definite, and duly promulgated. In determining what are offenses against a municipality, regard can be had to the ordinances of the municipality only. We do not deny the power to adopt a definite code of laws in a body, but in such cases the code of laws adopted must be adopted as a whole, or some definite rule provided for discriminating between those parts included and those excluded. Power is not conferred upon municipal corporations to punish offenses against the criminal justice of the country, nor to provide penalties for the enforcement of public duties and the protection of private rights, which have no relation to the purposes for which municipalities are chartered. There are scores of offenses denounced by the laws of the state as misdemeanors which touch upon no municipal function whatever. There are others which lie more vaguely upon the border line—for example, that section of the Code which makes it a misdemeanor for ineligible persons to assume office. The ordinance in question, with an exception which seems to recognize the necessity for discrimination, so far as its terms indicate, intended to punish as an offense against the city every act constituting a misdemeanor under the laws of the state. This it clearly could not do, and, failing of municipal competency in part, it must fail in toto. It is not the business of the courts to amend municipal ordinances, on their own idea of what they were intended to accomplish, so as to make them conform with the powers conferred by municipal charters.

We have found only two instances in which ordinances adopting a code of foreign laws en bloc have been considered. In *Chrisman v. City of Jackson*, 84 Miss. 787, 37 South. 1015, an ordinance of the sort was sustained. But legislative enactment had prescribed that "all offenses against the criminal laws of this

state, occurring within the limits of said corporation, not amounting to a felony, shall be deemed violations of the ordinances of the city of Jackson and punishable as such." There is no occasion to question the legislative power there exercised. In the later case of *Town of Oakland v. Miller,* 90 Miss. 275, 43 South, 467, the Supreme Court of Mississippi considered an ordinance in these words: "Be it ordained by the mayor and board of aldermen of the town of Oakland, state of Mississippi, that all acts punishable under the laws of the state of Mississippi, when committed within the municipality of the village of Oakland, are hereby declared to be offenses against said town and punishable," etc. The ordinance was said to be manifestly void, for the reason that it included felonies as well as misdemeanors; the statute having limited the jurisdiction of municipalities to the punishment of misdemeanors. The line of discrimination which might have been applied to that case to save the ordinance was entirely plain— the line between felonies and misdemeanors. But the court refused to draw it. The judgment was that the line must be drawn in the ordinance itself. The case in hand involves an identical principle. The ordinance under consideration is even more clearly bad, for the reason that the line to be drawn is itself doubtful and not well defined. That it goes beyond the power of the municipality seems clear.

It is supposed that the case of *Kettering v. Jacksonville,* 50 Ill. 39, decided by Supreme Court of Illinois in 1869, holds to the contrary of what has been said. The following language of the decision in that case furnishes all the information we have of the question there presented and decided: "It is said that the ordinance in question prohibits not only the sale of liquor by retail, but by wholesale, and therefore cannot be sus-

[Kreulhaus v. City of Birmingham.]

tained as a police regulation. But this prosecution was for the sale of beer by the glass, in what is called a 'saloon,' and therefore does not involve the question of the power of the city to forbid its sale as an article of commerce, to be carried beyond the limits of the city, or used for mechanical or domestic purposes. Such a case is not before us. The facts which are presented by the record not only show a violation of the terms of the ordinance, but a violation of such a character as to be clearly within the constitutional reach of the city prohibition. The ordinance may be too comprehensive in its provisions, and cover cases which the city has no power to control; but that it is no reason why we should refuse to enforce it in cases over which the power of the city is unquestionable." This language affords every indication that the case presented was the not unusual case of a valid statute or ordinance limited in some applications by paramount law. Such was also the case in *Harbaugh v. Monmouth*, 74 Ill. 367. The *Kettering Case* was cited by this court with approval in *Ex parte Cowert*, 92 Ala. 94, 9 South. 225. We have other cases to the same effect.—*Shelton v. Mobile*, 30 Ala. 540, 68 Am. Dec. 143; *Ex parte Byrd*, 84 Ala. 17, 4 South. 397, 5 Am. St. Rep. 328.

We intend to cast no sort of discredit upon those cases. Their doctrine is perfectly sound. But they are without influence in the case at bar. The ordinance considered in those cases clearly told the citizen what he must not do. But here the offense is defined neither by inclusion nor exclusion. The offenses to be included, as well as those to be excluded, are alike undefined. If the ordinance had said all acts injurious to the health, morals, or peace of the community are hereby prohibited, the courts are competent to determine in each case as it might arise whether the act charged violates so general

an ordinance. But would such an ordinance meet the requirement of certainty. Would its promulgation convey information of any definite legislative purpose? If so, there has been a vast expenditure of useless effort in this country in the framing of municipal codes. True, the ordinance prohibits only these acts now prohibited by statute or common law; but this does not narrow the field of inquiry, because it still remains to be determined whether any particular statute or common-law principle has relation to any purpose which may be enforced by municipal ordinance. The judgment of the legislative branch of the government is not expressed. The citizen must judge for himself, at the peril of becoming a violator of law if he makes a mistake, in a matter about which the courts are often not in accord. Such an ordinance is void.

The considerations already adverted to suffice for the disposition of this appeal. We are advised, however, that there were a number of cases pending in the inferior court of criminal jurisdiction in the city of Birmingham, and others in the criminal court of Jefferson county, to which last-named court they were removed from the police court under the statute, at the time this appeal was taken, brought under other sections of the Municipal Code of that city, which await the disposition of this case, and which depend upon questions other than those we have already considered. One of those questions is involved in this appeal, has been argued by counsel, and may with propriety have consideration at this time.

The act creating the inferior court of criminal jurisdiction in the city of Birmingham conferred upon the clerk the power to issue warrants of arrest. It is argued that the issue of warrants of arrest is a judicial power, which can be conferred only upon a judicial offi-

[Kreulhaus v. City of Birmingham.]

cer. It implies the power and the duty to hear and determine the question of probable cause. The principle of this contention was long ago disposed of by the decisions of this court. In *Ex parte Gist*, 26 Ala. 156, it was argued with great learning that the section of the judiciary act of the United States conferring power upon justices of the peace to arrest, imprison, or bail persons charged with a violation of the criminal law of the United States, was repugnant to the Constitution of the United States for the reason that it conferred judicial power upon one not an officer of the United States, whereas that Constitution provides that the judicial power of the United States shall be vested in one Supreme Court and such other inferior courts as Congress may, from time to time, ordain and establish This court, conceding that the power and authority conferred was judicial in its nature, held that it did not fall within the meaning of "judicial power" in the sense in which that term is used in the Constitution of the United States. And the court referred to the case of *Gaines v. Hardin,* 19 Ala. 491, where a similar provision in our Constitution came under review, and where it was held that it was not the intention of the framers of the Constitution to deny to the Legislature the power to confide to ministerial officers, who do not constitute a part of the judiciary, properly so called, many duties involving inquiries in their nature judicial. In the case referred to it was said: "The practice of this as of all other governments having their judicial, executive, and legislative departments separate and distinct very clearly shows that, in the administration of laws, inquiries partaking of the nature of judicial investigations are confided to persons other than judges, whose acts have never been questioned on constitutional grounds" —and more in the same line. The statute in this case

[Kreulhaus v. City of Birmingham.]

conferred no power upon the clerk to finally hear and determine, nor even to commit to bail, but only to issue warrants, which must be construed to authorize him to issue warrants on probable cause, supported by oath or affirmation, and returnable, by necessary implication, to the court from which they are issued. We are not prepared to say that this was an unconstitutional exercise of power.—*In re Siebert*, 61 Kan. 112, 58 Pac. 971; *State v. Sureties of Krohne*, 4 Wyo. 347, 34 Pac. 3; *In re Durant*, 60 Vt. 176, 12 Atl. 650.

We are also requested to consider whether the act approved August 13, 1907, and commonly known as the "municipal Code Law," had the effect to abolish the inferior court of criminal jurisdiction in the city of Birmingham, or the police court of Birmingham, as the court in which this prosecution was commenced is known in the act of its creation. It appears, however, that, even if the argument for the abolition of the police court be tenable, the Municipal Code law had not under its terms had that effect at the date when this prosecution was begun; its operation being postponed to a later date. The question here presented is therefore prematurely presented, is moot, and cannot now be considered.

An order will be entered here discharging the appellant.

Reversed and rendered.

Dowdell, C. J., and Anderson, McClellan, and Evans, JJ., concur.