## Mahley Dismukes *v.* Town of Louisville.

### [57 South. 547.]

1. Municipalities. *Ordinances. Code* 1906, *section* 3410, *chapter* 28.

> An ordinance of a town which provides "that chapter 28 of the annotated Code of Mississippi be and the same is hereby adopted as the criminal Code and laws of the town" is void, in that it attempts to confer upon the mayor of the town jurisdiction over all felonies as well as misdemeanors committed within the corporate limits.

2. Same.

> Code 1906, section 3410, giving all the authority granted in the premises, expressly limits the power to misdemeanors.

Appeal from the circuit court of Winston county.
Hon. G. A. McLean, Judge.

Mahaley Dismukes was convicted of selling intoxicating liquors in violation of an ordinance of the town of Louisville and appeals.

The facts are fully stated in the opinion of the court.
*Z. A. Brantley*, for appellant.

The appellant was indicted in the mayor's court of the town of Louisville, Mississippi, for selling whiskey in less quantity than one gallon and convicted. She appealed to the circuit court and was there convicted.

The appellant was tried under an ordinance purporting to be a general ordinance against crimes and misdemeanors of the town of Louisville. According to the record in the case the ordinance was not identified as the ordinance of the town of Louisville. It also fails in that it was not alphabetically indexed as required by law; and the ordinance also fails to cite the book and page of the minutes containing the record of its passage as peremptorily required by law.

We call the court's attention specially to section 3407, Code 1906, in which it states, ''that the town clerk shall cite therein the book and page of the minutes containing the record of its passage.'' He shall also keep said book accurately indexed alphabetically. By referring to the ordinance in the record the court will readily see that none of the above requirements have been complied with by the town clerk, and since this is mandatory the ordinance is null and void and without effect.

*Claude Clayton,* assistant attorney-general, for appellee.

As a matter of candor and frankness to this court, I desire to say that the fatal error, and the only one that I conceive to have been made in the trial of this case, was the ordinance itself. But this point is not raised by counsel for appellant, and is clearly decided in the case of *Town of Oakland* v. *John Miller,* 90 Miss. 275, which holds that the adoption of an ordinance by a municipality making all crimes and misdemeanors of the state, violations against the municipality, absolutely void, in that it gives to the municipality, or attempts to give, the right to try felonies.

McLEAN, C.

Affidavit was made before the mayor of the town of Louisville, against appellant, charging her with the unlawful selling of intoxicating, etc., liquors. She was convicted and sentenced by the mayor. From this judgment she appealed to the circuit court. There she was again convicted, and was sentenced by the court. From that judgment she appeals to this court.

The alleged ordinance under which she was tried is set out in the record and reads as follows: ''Section 1. Be it enacted by board of mayor and aldermen of the town of Louisville, Miss., that chapter 28 of the Annotated Code of Mississippi be and the same is here-

by adopted as the Criminal Code and laws of said town." Code 1906, section 3410, provides that "all offenses under the penal laws of the state amounting to a misdemeanor shall, when so provided by a general ordinance of the municipality, also be offenses against the city, town or village in whose corporate limits the offense may have been committed to the same effect as though such offenses were made offenses against the city, town or village by separate ordinance in each case, and upon conviction thereof the same punishment shall be imposed by the city, town or village as is provided by the laws of the state with regard to such offenses against the state not in excess of the maximum penalty which may be imposed by municipal corporations."

By an inspection of this town ordinance, it is clear that it includes all felonies, as well as misdemeanors; but it is manifest that section 3410, Code 1906, carefully limits the jurisdiction of villages, towns, etc., to misdemeanors. But this town ordinance "sweepingly provides that not only misdemeanors, but that all felonies against the state, shall be dealt with by the mayor of the town as if he had full jurisdiction." This ordinance is "absolutely null and void, because it attempts to clothe the mayor (of Louisville) with jurisdiction over felonies, as well as misdemeanors." In support of this position, we cite the well-considered opinion of this court in the case of *Town of Oakland* v. *Miller,* 90 Miss. 277, 43 South. 467.

We think the case should be reversed and remanded.

*Reversed and remanded.*

PER CURIAM. The above opinion is adopted as the opinion of the court, and for the reasons therein indicated the judgment is reversed, and the cause remanded.