BACOT *v.* CITY OF LAUREL.

[68 South. 248.]

MUNICIPAL CORPORATIONS. *Offenses. Statutes.*
 Under Code 1906, section 3410, declaring that all offenses under the penal laws of the state amounting to a misdemeanor shall, when so provided by a general ordinance of the municipality, be offenses against the city in which they were committed, where an ordinance of a city declared that all offenses under the penal laws amounting to a misdemeanor and all offenses which were violations of the criminal laws of the state, committed within the corporate limits, were offenses against the city, such an ordinance was invalid since it included felonies as well as misdemeanors.

APPEAL from the circuit court of Jones county.
HON. P. B. JOHNSON, Judge.
Mrs. W. B. Bacot was convicted of violating an ordinance of the city of Laurel, and appeals.
The facts are fully stated in the opinion of the court.

*R. L. Bullard,* for appellant.

The city ordinance in question is a blanket ordinance and by its terms expressly seeks to make all violations

of the penal law of the state, misdemeanors and felonies alike, offenses against the city. The exact language of it is: "That all the offenses under the penal laws amounting to a misdemeanor, and all offenses which are violations of the criminal laws of Mississippi, committed within the corporate limits of the city of Laurel, are hereby declared to be offenses against said city," etc. This renders the ordinance utterly null and void as was decided in the case of *Town of Okland* v. *Miller*, 90 Miss. 275, wherein this court said: "The ordinance is absolutely null and void because it attempts to confer on the mayor of Okevale jurisdiction over felonies as well as misdemeanors. It expressly provides that all acts punishable under the state laws, etc. shall be punished as offenses against the town. This expressly includes felonies of every grade as well as misdemeanors. For that reason the ordinance is manifestly void."

Such in the vice of the ordinance relied on in this case, except that this ordinance especially emphasizes the fact that felonies are included.

REED, J., delivered the opinion of the court.

A policeman of the city of Laurel made an affidavit against appellant in the police court charging her with violating a city law. The charge in the affidavit is that she did—

"unlawfully by force and threats attempt to intimidate or impede affiant a policeman, poundkeeper of the city of Laurel, Miss., in the discharge of his official duty, in attempting to impound an animal running at large in said city in violation of its ordinances."

It is claimed that an attempt to intimidate or impede an officer in the way alleged in the affidavit is an offense under the criminal laws of the state of Mississippi, and that by an ordinance adopted by the city of Laurel, which declared that all violations and offenses under the penal laws amounting to a misdemeanor, and all offenses which are violations of the criminal laws of

the state of Mississippi committed within the corporate limits of the city, are offenses against the city and its ordinances, such act was made a city offense.  We quote section 1 of the city ordinance referred to:

"Be it ordained by the mayor and board of aldermen of the city of Laurel, Jones county, Mississippi: That all the offenses under the penal laws amounting to a misdemeanor, and all offenses which are violations of the criminal laws of the state of Mississippi, committed within the corporate limits of the city of Laurel are hereby declared to be offenses against the said city of Laurel and violations of the ordinances of the said city."

It is provided by section 3410 of the Code of 1906 that:

"All offenses under the penal laws of the state amounting to a misdemeanor shall, when so provided by a general ordinance of the municipality, also be offenses against the city, town or village in whose corporate limits the offense may have been committed to the same effect as though such offenses were made offenses against the city, town or village by separate ordinance in each case."

Appellant contends that the city ordinance attempting to create the offense is void because by its terms it seeks to make all violations of the penal laws of the state offenses against the city.  This case is controlled by the holding of the court in *Oakland* v. *Miller,* 90 Miss. 275, 43 So. 467.  In that case it appears that the town of Oakland by ordinance, declared that:

"All acts punishable under the laws of the state of Mississippi, when committed within the municipality of the village of Oakland, are hereby declared to be offenses against said town."

The court held that such ordinance was null and void because it attempted to make all crimes against the state, committed within the municipal limits a municipal offense; that all crimes included felonies as well as mis-

demeanors, and was contrary to section 3410, Code of 1906, expressly limiting the power of municipalities to offenses amounting to misdemeanors. The decision in *Oakland* v. *Miller* was approved in *Dismukes* v. *Town of Louisville*, 101 Miss. 104, 57 So. 547. It will be noted that in the present case the general ordinance making offenses under the penal laws of the state offenses against the city includes "all offenses which are violations of the criminal laws of the state of Mississippi." These words include in their meaning felonies as well as misdemeanors, and under the decisions above referred to the ordinance is void.

*Reversed and appellant discharged.*