### CITY OF OXFORD *v.* BUFORD.

[99 So. 498.   No. 23908.]

(Division B. April 7, 1924.)

1. MUNICIPAL CORPORATIONS. *Ordinance making misdemeanors offenses against city must be limited to those committed within municipal limits.*

    A municipal ordinance, undertaking to make all misdemeanors under the penal laws of Mississippi offenses against the city of Oxford, without limiting these misdemeanors to those committed within the municipal limits, is void. Code 1906, section 3410 (Hemingway's Code, section 5940), expressly limits these municipal misdemeanors to offenses committed within the limits of the municipality.

2. MUNICIPAL CORPORATIONS. *Ordinance making all crimes misdemeanors against municipality when committed within corporate limits void.*

    A municipal ordinance, undertaking to make all crimes and misdemeanors against the state crimes and misdemeanors against the municipality, when committed within the corporate limits of the municipality, is void, Section 3410, Code 1906 (section 5940, Hemingway's Code), expressly limits the power of a municipality to pass ordinances of this character to misdemeanors alone.

APPEAL from circuit court of Lafayette county.

HON. THOS. E. PEGRAM, Judge.

Eddie Buford was convicted of the unlawful sale of intoxicating liquors in violation of an ordinance of

the city of Oxford. On appeal the circuit court reversed the judgment, and the city appeals. Judgment of circuit court affirmed.

*L. C. Andrews,* for appellant.

The ground upon which the second ordinance was excluded, according to the trial court, is that it must prescribe the penalty, that is, the council must limit the punishment to a fine of one hundred dollars and thirty days in jail. The trouble with this ordinance is not that it fails to limit the punishment, but whether or not it deals with offenses other than misdemeanors. It was evidently the intention of the city council to deal only with misdemeanors, but having used the words ''crimes and misdemeanors'' the question arises, have they gone beyond the field of offenses amounting to misdemeanors and entered the forbidden field of felonies. If they have, we confess the ordinance is invalid. *Cook* v. *City of Pascagoula,* 83 So. 305, holds adversely to the circuit court, saying, ''that an ordinance is not void by a section imposing a void penalty.'' See, also, *Richards* v. *Magnolia,* 55 So. 386. We have not found a case where the exact language used in the ordinance of city of Oxford has been construed by the court.

There are several cases in Mississippi condemning an ordinance of a municipality where it deals with misdemeanors and felonies. *Oakland* v. *Miller,* 90 Miss. 275; *Dismukes* v. *Louisville,* 101 Miss. 104; *Smothers* v. *Jackson,* 92 Miss. 327.

In reference to the first ordinance here it appears to be valid unless defective because a clause is not inserted that the offense must be committed within the corporate limits of the city of Oxford. In *Cook* v. *City of Pascagoula, supra,* the court held that ''when the municipality adopted the general ordinance providing that offenses against the state should be municipal offenses, it then

and there fully read into the ordinance sections 3410 and 3348, Code of 1906, which plainly provide that the blanket ordinance should serve in the place of separate ordinances for each offense. The ordinance so adopted is self operative.'' This then being true, why is it not also true that the provision of section 3410 requiring the offenses to be committed within the corporate limits of the city is or will be read into the ordinance. Accepting this view, the failure to embody in the first ordinance this clause would not invalidate the ordinance but would be read into it as fully as if incorporated therein.

Note: No brief filed for appellee.

SYKES, P. J., delivered the opinion of the court.

The appellee, Eddie Buford, was tried and convicted in the mayor's court of the city of Oxford for unlawfully selling intoxicating liquors in violation of an ordinance of the city. From this conviction Buford appealed to the circuit court, and was acquitted there. The learned circuit judge ruled that the two ordinances of the city of Oxford offered in evidence by the city were void. From this ruling of the court the city prosecutes this appeal, in accordance with section 16, Hemingway's Code, (section 40, Code of 1906, paragraph 2 thereof), which provides for an appeal by the state or any municipality from a judgment of the circuit court in a criminal case acquitting the defendant, where a question of law has been decided adversely to the state or municipality.

Those parts of the two ordinances necessary to be considered are as follows:

"Ordinance Book No. 1, City of Oxford, Mississippi, p. No. 176:

(1) "An ordinance against all offenses under the penal laws of the state amounting to a misdemeanor as provided for in section No. 3410 of the Mississippi Code of 1906:

"Section 1. Be it ordained by the mayor and council of the city of Oxford, Mississippi, that each and all offenses under the penal laws of Mississippi amounting to a misdemeanor shall each be an offense against the city of Oxford, Mississippi, and upon conviction thereof the same punishment shall be imposed as is provided for by the laws of the state with regard to such offenses against the state not in excess of the maximum penalty which may be imposed by said city of Oxford, Mississippi."

(2) "An ordinance making all crimes and misdemeanors against the state of Mississippi, as provided by the laws thereof, crimes and misdemeanors against the city of Oxford, when committed within the corporate limits of said city and providing punishment thereof:

"Section 1. Be it ordained by the council of the city of Oxford, Mississippi, that all crimes, and misdemeanors against the state of Mississippi as provided by the Code of 1906, the Acts of the Legislature of 1908, 1910, 1912, 1914, 1916, and 1918, be and the same are hereby made crimes and misdemeanors against the city of Oxford, Mississippi, when committed within the corporate limits of said city."

It will be noted that section 1 of the first ordinance, *supra,* makes all misdemeanors under the state laws misdemeanors under the municipal law. It fails to state that the misdemeanor must be committed within the municipal limits of the city of Oxford. Under this ordinance, if valid, any misdemeanor committed anywhere within the state of Mississippi would be a violation and a misdemeanor under this ordinance, punishable as an offense against the municipality of Oxford. The municipality simply attempted to exercise more jurisdiction than it has. Its jurisdiction, of course, is bounded by the municipal limits of the city.

In the case of *Oakland* v. *Miller,* 90 Miss. 275, 43 So. 467, the court held a municipal ordinance void because it attempted to clothe the mayor with jurisdiction over

felonies as well as misdemeanors. By parity of reason the ordinance here in question is null and void, because it attempts to clothe the mayor of the city of Oxford with jurisdiction over misdemeanors committed outside of the city limits as well as those committed therein.

The second ordinance, *supra,* is void under the express ruling of the Miller Case, cited above, because it attempts to clothe the mayor with jurisdiction over felonies as well as misdemeanors. *Oakland* v. *Miller, supra; Dismukes* v. *Louisville,* 101 Miss. 104, 57 So. 547; *Smothers* v. *Jackson,* 92 Miss. 327, 45 So. 982.

The learned circuit judge was correct in ruling that both city ordinances were void.

The judgment of the lower court is affirmed.

*Affirmed.*