## *Ex parte* Cowert.

*Petition for Discharge on Habeas Corpus.*

·1.  *Municipal ordinance partly valid.*—A municipal ordinance prohibiting the sale of spirituous liquors within the corporate limits, and containing no exception in favor of druggists, or other persons specially authorized by the charter to sell, is valid and operative as to any person who does not bring himself within the exception.

2.  *General Assembly; constitutional limitation of session.*—The constitutional provision limiting each session of the General Assembly to fifty days (Art. iv, § 51), means working days, and Sundays are excluded from the computation.

3.  *Title and subject-matter of statute under constitutional provision.* When a statute contains two or more subject-matters, only one of which is clearly expressed in the title (Const. Ala., Art. iv, § 27), it is valid as to that subject, though void as to the others.

Vol. 92.

| 92 | 94 |
| 92 | 196 |
| 92 | 203 |

| 92 | 94 |
| 97 | 106 |

| 92 | 94 |
| 98 | 257 |

| 92 | 94 |
| 99 | 178 |
| 99 | 224 |

| 92 | 94 |
| 100 | 668 |
| 101 | 544 |
| 102 | 175 |

| 92 | 94 |
| 104 | 438 |

| 92 | 94 |
| 108 | 341 |
| 109 | 32 |

| 92 | 94 |
| 115 | 256 |

| 92 | 94 |
| 124 | 143 |

| 92 | 94 |
| 130 | 152 |
| 130 | 153 |

[Ex parte Cowert.]

4. *Same; amendatory law.*—A section of an existing law may be amended by reference to its number, and the title and date of the statute of which it forms a part, but the amendment must be germane to the subject to which the amended section relates; and where the amended section, part of the charter of a municipal corporation, only grants the power to license and tax, containing no grant of police powers, while the amendatory section grants the power to prohibit the sale of sp'rituous liquors, the amendment is void.

5. *Constitutional limitation of grant of powers to municipal corporation.*—The constitutional provision which declares, Art. IV, § 50, that the General Assembly shall not have power to authorize a municipal corporation to pass any laws inconsistent with the general laws of the State, does not limit the grant of police powers to such corporation, nor inhibit a grant of the power to prohibit the sale of sprituous liquors, though the general statutes only license and regulate the traffic.

The petitioner, Norris Cowert, was arrested, tried and convicted for the violation of an ordinance passed by the Mayor and Council of the town of Union Springs and adopted March 9, 1891. This ordinance is copied in full in the opinion of this court. The said ordinance was passed under the supposed authority of an act of the General Assembly of Alabama approved February 18, 1891, and found on page 1169 of Sess. Acts of 1890–91. The title of this act is copied in the opinion. The amendatory clause, so far as pertains to the present case, is in the following language: "And the said town council shall have the power and authority to grant licenses for the sale of spirituous, vinous or malt liquors within said town; and also to regulate, restrain or prohibit the sale of spirituous, vinous or malt liquors within said town, when deemed expedient," &c.

Upon his conviction and sentence, the said Cowert filed his petition to Hon. JOHN A. FOSTER, chancellor, praying for a writ of *habeas corpus* directed to the marshal of said town; in which petition he stated his arrest, trial, conviction and sentence under the authority of the said ordinance. Upon the return of the writ by the marshal, and on the hearing of the evidence, the chancellor remanded the petitioner to the custody of the marshal; and he now renews his application for a writ of *habeas corpus* to this court.

TOMPKINS & TROY, and WATTS & SON, for petitioner.—The law, under which the ordinance, for the violation of which petitioner was sentenced, is void; and can not confer any authority on the town to adopt such an ordinance. (1.) Because the said law was adopted after the expiration of the fifty days, to which the second session of the General Assembly is limited.—Const. Art. IV, § 5. (2.) The amending act contains two subject-matters.—Const. Art. IV, § 2; *Ballentine v. Wicker-*

*sham,* 70 Ala. 533. (3.) The subject-matter pertaining to prohibiting the liquor traffic is not expressed in the title of the amendatory act.—Const. Art. IV, § 2; *Ex parte Reynolds,* 87 Ala. 138; *Miller v. Jones,* 80 Ala. 89; *Ex parte Burnett,* 30 Ala. 461; *Town of Marion v. Chandler,* 6 Ala. 899; *Chiles v. Monroe,* 4 Metc. (Ky.) 72; *Ex parte Paul,* 94 N. Y. 504. (4.) The amendatory act authorized the town council to pass laws inconsistent with the general law of the State, which prevailed in Bullock county at the time of the passage of the ordinance in question.—Const. Art. IV, § 50; *Ex parte Burnett,* 30 Ala. 461; *Canton v. Nist,* 9 Ohio St. 439, n.; *Thompson v. City of Mount Vernon,* 11 Ohio St. 688; *Adams v. City of Albany,* 29 Ga. 56.

ARRINGTON & GRAHAM, *contra.*

McCLELLAN, J.—The petitioner is confined at hard labor on the streets of Union Springs, under a conviction and alternative sentence for a violation of an ordinance of that town which is in the following language :—"*Section 1.* It shall be unlawful for any firm, person or corporation to sell spirituous, vinous or malt liquors in any quantities, within the corporate limits of the town of Union Springs. *Section 2.* Any person violating any of the provisions of section one (1) of this ordinance must, upon conviction thereof, be punished by a fine of one hundred dollars, and, in default of payment of said fine, may be compelled to perform hard labor on the streets and alleys of said town for a term not exceeding fifty days, or may be imprisoned in the guard house not exceeding fifty days. *Section 3.* Any person making a single sale of such liquors shall be subject to the penalties herein prescribed."

It is contended in the first place for the petitioner that this ordinance is invalid, for that it exceeds the power conferred on the corporate authorities of Union Springs by the statute obtaining in the premises, and under which it was adopted. The statute in question, it is insisted, does not confer power on the town authorities to prohibit druggists to sell such liquors for medicinal purposes; and hence, it is argued, that the ordinance is void in that its terms are sufficiently broad to embrace and interdict such sales by this class of persons. We need not decide whether the town, under this law, assuming the statute itself to be valid, had the right to prohibit sales by druggists. It may be admitted, for all the purposes of this case, that the corporate authorities were without power to prohibit, as they were clearly without power to require a license tax from, druggists in respect of sales for the purposes.

[Ex parte Cowert.]

and under the circumstances designated, and that the ordinance was invalid as to that class of persons and certain sales made by them. But that concession can not affect this case. It does not appear that the petitioner was a druggist, and, in the absence of facts bringing him within that exception, it is to be assumed that he was not within it. And the law is well settled, not only that an ordinance may be good and bad in parts, when the good provisions are separable from the bad, as in the case of statutes (*Lowndes County v. Hunter*, 49 Ala. 509; *Powell v. State*, 69 Ala. 10; *Ballentine v. Wickersham*, 75 Ala. 537; Horr and Bemis Mun. Ord., § 139; *Wilcox v. Hennings*, 58 Wis. 144; *Shelton v. Mobile*, 30 Ala. 540), but "that the fact that an ordinance covers matters which the city has no power to control, is no reason why it should not be enforced as to those which it may control." The fact that this ordinance embraces druggists, which the town of Union Springs may not have had power to prohibit, does not avoid it as to the petitioner, who was within the power delegated to the town.—Horr & Bemis Mun. Ord., § 139; *State v. Welch*, 36 Conn. 215; *Kettering v. Jacksonville*, 50 Ill. 39; *Ex parte Byrd*, 84 Ala. 17.

The ordinance is further attacked on the ground that the statute intended to authorize, and relied on as authorizing, its adoption, is itself unconstitutional and void, for the reasons: *first*, that it was enacted after the lapse of fifty days, to which sessions of the General Assembly are limited; *second*, that it contains two subject-matters, of which only the one involved in the ordinance, is expressed in its title; *third*, that the subject-matter involved here—the prohibition of the liquor traffic—is not expressed in the title of the act; and, *fourth*, that the act undertakes to authorize a municipal corporation to pass a law inconsistent with the general laws of the State. We will consider these positions *seriatim* in the order stated.

(1.) It has more than once been determined by this court, and we have no disposition to depart from our rulings on that subject, that "days," within the limitation upon the sessions of the General Assembly, imposed by § 5, Art. IV of the Constitution, means working days, and, of consequence, that Sundays are to be excluded from the computation by which the end of the session is to be determined. Under this rule, the act in question was passed within the constitutional limits of the session of 1890-91.—*Moog v. Randolph*, 77 Ala. 597; *Sayre v. Pollard*, *Ib.* 608.

(2.) It may also be considered *stare decisis* in this court that an act embracing two subject-matters, only one of which is expressed in the title, is good as to that subject, and bad

7

[Ex parte Cowert.]

only as to the subject not so expressed.—*Ex parte Moore*, 62 Ala. 471; *Montgomery v. State*, 88 Ala. 141. ·

(3.)   The position of petitioner last considered, however, is not supported by the record.   His real contention in this connection—that chiefly relied on by counsel—is that prohibition of the sale of·liquors is not expressed in the title of the act under consideration.   That title is "To amend section one of an act approved January 16, 1879, and entitled 'An act to amend section twelve of an act to establish a new charter for the town of Union Springs, approved February 1st, 1876.'"   Now section 12 of the act of 1876, as amended by the act of 1879, provides solely for the assessment, levy and collection of taxes for the support of the municipality.   Its delegation·of power to the town is in this language:   "*Section* 12.  Be it further enacted, that said town council shall have the power and authority annually to assess, levy and collect within its limts all revenues necessary for its government as follows :   On all real estate [the section proceeds] or personal property, they shall have the right to levy a tax not to exceed one half of one per cent on the value of such property as assessed for State taxation during the preceding year ; on every cart, dray, wagon, or other vehicle used for the transportation of goods, sand, lumber, brick or other commodities, or persons, within the boundaries of said town, not exceeding twenty-five dollars per annum ; on every retailer of spirituous or vinous liquors in less quantities than one quart, a license not more than two hundred, nor less than one hundred dollars ; on every vendor in spirituous or vinous liquors in quantities of a quart or upwards, a license not more than two hundred, and not less than fifty, dollars; provided the person or persons applying for a license to retail or sell spirituous or vinous liquors in any quantity, shall present an application recommended by three respectable freeholders of said corporation ; and provided further, that a license shall not be required of druggists and apothecaries, who sell spirituous or vinous liquors solely and entirely for medicinal purposes, and upon a certificate of a practicing physician ; and on every baker shop, a license of not less than five, and not more than ten dollars;" and so on, enumerating all subjects of taxation upon which assessments may be made by the town, and the amount of the license fees or tax in each instance; but the section contains no provision for regulating, restraining or·prohibiting any business or avocation referred to, nor for enforcing the taxes thus laid, nor looking to the imposition of penalties for carrying on any business without paying the tax—nothing in short but the bare power of taxation, and the limits within which it may be exercised.

[Ex parte Cowert.]

It is this section which the act of 1891 undertakes to amend by reference only, so far as the title of the amendatory act is concerned, to its number and to the titles of the act of which it is a part.  It is not to be doubted that, with respect to the organic requirement, that the subject of an enactment must be clearly expressed in its title, amendment of a section of an existing statute may be made in this way.  The theory upon which this scant expression of the subject of the amendment is held to meet the constitutional requirements is, that members of the General Assembly are supposed to know the provisions of the section to be amended, and that the subject to which those provisions relate is the subject also of the amendatory act.  Applying this principle to the case in hand, we have, as the expressed subject of the act of 1891, the subject treated in section 1 of the act of 1879, which was section 1 of the act of 1876 and section 12 of the charter of the town of Union Springs.  We have seen that the section proposed to be amended related exclusively to the power to tax and the subjects of taxation.  It conferred no police power whatever, no power to restrain, to regulate, or to supervise.  This is true of the section throughout its history up to this last statute.  The subject imported by the title of the act of 1891, therefore, was purely that of taxation for revenue only.  It is essentially as if the title of the act we are considering had been, in so many words, "To amend an act ,entitled an act to authorize the town council of Union Springs to assess, levy and collect taxes," or, to put the matter in the clearest light, and that most favorable to the validity of the statute, the question under consideration is the same, in legal contemplation, as if the title of the present act had been "To amend an act entitled an act to authorize the town council of Union Springs to assess, levy and collect a license tax on retail and wholesale dealers in spirituous or vinous liquors."  Would such a title give any intimation to the General Assembly of a purpose to prohibit the sale of whiskey, or to the public, after the passage of the act, that it contained such a provision?  Would not the legislator before, and the citizen after passage, infer from such title that the purpose and effect of the act was to make some additional provision with respect to taxation, and not to defeat the power to tax by destroying the business to be taxed?  Would not such title suggest only that a higher rate of taxation was to be allowed, as was done by the amendatory act of 1876, or a lower rate was to be prescribed, as was done by the amendatory act of 1879, or that malt liquors were to be subjected to the operation of the law, or that the exemption in favor of druggists was to be taken away, or extended to physicians, or

to the sale of wines for sacramental purposes? Any one or all of these things would, or might, present themselves to minds relying, as they had a right to do, upon the title for information as to the contents of the act itself; but to no mind, we apprehend, seeking to be advised, through this channel, would it ever occur that under the guise of adding to or taking from, qualifying or expanding the power to tax, any purpose was intended to be effectuated to the utter destruction of the power. No man to whom is presented a proposition to amend a statute relating to a particular subject, the taxing power exclusively, containing no delegation of police power, of power to regulate or restrain, no pains or penalties, would for a moment conceive the proposition to involve the. delegation of large police powers, powers to regulate, to restrain, to prohibit, and to impose pains and penalties, powers which so far from conserving the raising of revenue would prevent it altogether in the particular instance. And especially would such a proposition, involving such hidden consequences, be misleading and pernicious, when, as here, another section of the law proposed to be amended related solely to the police powers of the town, and both the General Assembly and the people had a right to assume that any addition to that power would be appropriately delegated through an amendment to that section. We re-affirm the doctrine, heretofore declared by this court, that an amendment by reference to the number of a section in an act must be confined to matters which are germane to, suggested by, and supplemental to the subject of that section; otherwise it can not be said that the subject of the amendatory act is expressed in its title, as required by § 2, Art. 4 of the Constitution.—*Ex parte Reynolds*, 87 Ala. 138.

That the power to prohibit under heavy penalties is not covered, or expressed in, or suggested by, or cognate or connected with, a title authorizing taxation, we are entirely clear. The case is indeed stronger than had the original section authorized regulation, which it did not, of the liquor traffic; and even under such title, the power to prohibit can not be embodied in the enactment. *Miller v. Jones*, 80 Ala, 89; *Morgan v. State*, 81 Ala. 72.

Our opinion, therefore, is, that the act of February, 1891, so far at least as it undertook to authorize the prohibition attempted to be effectuated by the ordinance under which petitioner is restrained of his liberty, is violative of Art. 4, § 2 of the Constitution, and void.

4. This conclusion renders it unnecessary to decide whether the General Assembly may authorize a municipal corporation, in which the general law of the State as to licensing the sale

[Ex parte Crawlin.]

of liquors is in force, to prohibit that traffic, the general State law to the contrary notwithstanding. We are, however, of the opinion, based on exhaustive investigation and consideration, that such authorization would not be violative of Art. 4, § 50 of the Constitution. We do not think the purpose or effect of that provision is, in any manner, to limit the legislature in conferring police powers on municipal corporations.

The writ of *habeas corpus* will be granted, unless the petitioner, oh being certified of this opinion, is content to renew his application before a court of original jurisdiction.

## *Petition for Discharge on Habeas Corpus.*