# City Council of Montgomery v. Shaddox
# and
# City Council of Montgomery v. Johnson.

*Prosecutions for Violation of City Ordinance for Doing Business without License.*

1. *Violation of ordinance of City of Montgomery; engaging in business of mutual aid society.*—The ordinance adopted by the City Council of Montgomery in September, 1901, imposing a license of one hundred dollars against "any person, firm or corporation engaged in or carrying on what, is called a mutual aid business or paying sick benefits," and prescribing a penalty for failure to take out such license, is applicable to the Southern Mutual Aid Association of Birmingham and the Union Aid Association of Mobile and the respective agents of said associations, notwithstanding the act approved December 13, 1900, (Acts of 1900-1901, p. 1927).

APPEAL from the City Court of Montgomery.

Heard before the Hon. WILLIAM H. THOMAS,

These two cases were tried together in the City Court of Montgomery, and on appeal from a judgment rendered in said court, they are submitted together. The appellee in each of the cases was severally and separately tried and was convicted in the Recorder's court of the city of Montgomery, upon a charge of engaging in and carrying on, within the corporate limits of the city of

Montgomery, what is called a mutual aid society business, without first securing a license therefor as required by the ordinances of the city of Montgomery, and in violation of an ordinance of said city, imposing a penalty upon any one so engaging in such business without having taken out a license therefor. From a conviction in the Recorder's court, each of said appellees took a separate appeal to the City Court of Montgomery. In the city what is called a mutual aid society business, without court of Montgomery there was a complaint filed by the city against each of the defendants claiming the sum of one hundred dollars as a penalty for violating the ordinances of the city requiring them to obtain a license for carrying on the business above mentioned.

The cause was tried by the court without the intervention of a jury upon an agreed statement of facts, the substance of which is sufficiently stated in the opinion. Upon such agreed statement of facts, the court in each of the instances, rendered judgment in favor of each defendant. From each of these judgments the City Council of Montgomery took a separate and several appeal, and this rendition of the judgment in each of the said cases is assigned as error.

BIBB GRAVES, for appellants.

WINTER & THORINGTON, contra.

SHARPE, J.—By an act passed at its session of 1894-5, the General Assembly conferred on the city of Montgomery power "to license all businesses, trades, occupations and professions not prohibited by the constitution and laws of the State of Alabama. * * * and to fix the amount of the license and to provide a penalty for doing business without a license."—Acts, 1894-5, p. 635. In December, 1900, an act was passed which, by way of amending sections 1116, 1117, 1118 and 1119 of the Code, prescribed regulations for the transaction of business by what was designated as mutual aid benefit

and industrial companies or associations, which were defined to be "All companies or associations, whether voluntary or incorporated under the laws of this or any other State, doing in this State a business limited to the issuing of certificates or policies to or agreeing with their members or policy holders upon the birth or death of any child, upon marriage, sickness, death or upon any physical disability of such member or policy holder to pay money or render aid to him, or to others dependent on him, or beneficiary designated by him, which money or aid is derived from donations, or from fees, dues and assessments." By this act it was provided among other things that each of such companies and associations should pay a license fee to the State of twenty dollars and "that no city, town, village or other municipality shall charge a license fee in excess of (1-2) one-half of that charged by the State.—Acts, 1900-1901, p. 538. At the same session an act was passed amending section 1120 of the Code "so as to read as follows: Nothing in the four preceding sections (viz., 1116, 1117, 1118, 1119) shall be construed to apply to any corporation incorporated under the life insurance laws of this or any other State or county or to any secret or benevolent society such as Masons, Odd Fellows, Knights of Pythias, the Union Mutual Aid Association of Mobile, or like orders," or to certain other kinds of associations specified.—Acts, 1900-1901, p. 1921.

In September, 1901, the city of Montgomery adopted the following ordinance: "Sec. 1. Any person, firm or corporation engaged in or carrying on what is called a Mutual Aid business or paying sick benefits, should pay an annual license therefor of $100, provided this shall not apply to Knights of Pythias, Odd Fellows and such fraternal orders. Sec. 2. That any person, firm or corporation violating the provisions of section one of this ordinance shall be fined each day for said violations not less than one nor more than 100 dollars."

The defendants were proceeded against separately as for a breach of this ordinance, but in the city court their cases were tried upon an agreed statement of facts covering both cases which sets forth that "during the whole of the month of March, 1902, the defendants Shaddox

and Johnson were managers and agents, respectively, of the Southern Mutual Aid Association of Birmingham and the Union Aid Association of Mobile. That said orders or associations are what is commonly known as Mutual Aid Associations, each doing that character of business set forth in Par. 1116 of the Code of 1896. That as such managers and agents the defendants and each of them did in the month of March aforesaid and in the city of Montgomery, said State and county engage in and carry on such mutual aid business and pay sick benefits, without paying the city any license therefor. * * * It is further agreed that the Union Mutual Association is incorporated, doing business under Par. 1302 of the Code."

The amending act of December 13, 1900, does not purport to shield and does not shield from municipal taxation associations not thereby mentioned as being subject to a State tax. It expressly declared its provisions inapplicable to the "Union Mutual Aid Association of Mobile" and "like orders," and the agreement of facts has effect to classify the "Southern Mutual Aid Association of Birmingham" as a like order within the meaning of the statute. The reason for that declaration is not apparent. It may have been within the contemplation of the legislature that such orders would not engage in the business intended to be taxed, or else that the business of such orders was not *limited* to the kind sought to be taxed, but extended to other matters; and in this connection it may be well to notice that the agreement of facts does not show that the business of either of these associations is so *limited,* hence the ordinance must be held operative as to them, and the defendants as their respective representatives. "The fact that an ordinance covers matters which the city has no power to control is no reason why it should not be enforced as to those which it may control."—*Ex parte Cowert*, 92 Ala. 94.

Upon the cases stated the defendants were each liable to a fine of not less than one nor more than one hundred dollars as for a breach of the ordinance, proceeded for.

Reversed and remanded.