# Sloss-Sheffield Steel & Iron Company v. Smith.

## False Imprisonment.

(Decided November 28, 1911.   57 South. 29.)

1. *Municipal Corporations; Ordinances; Implied Repeal.*—Birmingham Ordinance No. 181, providing punishment for any person guilty of a misdemeanor declared to be such by the state law, which ordinance was passed in accordance with the powers conferred by the city charter under Local Acts, both of which gave the city that power, was not repealed by section 1251, Code 1907.

2. *Same; Charter.*—A change in a charter of a municipal corporation does not affect existing ordinances in harmony with the new provisions.

3. *Same; Instructions.*—The judicial inclination is to sustain the validity of ordinances, and in determining their validity, a reasonable construction will be given them.

4. *Same.*—A penal ordinance must be strictly construed.

5. *Same; Adoption by Reference.*—Municipal ordinances being construed by the same rule as statutes, an ordinance may by reference adopt the provisions of statutes or other ordinances.

[Sloss-Sheffield Steel & Iron Company v. Smith.]

6. *Same; Validity.*—Since all persons are bound by the criminal statutes of the state, a municipal ordinance providing that any person found guilty of a misdemeanor under the state statute shall be punished therefor, is not invalid for indefiniteness and uncertainty.

7. *Same.*—Where a municipal ordinance provides that any person guilty of a misdemeanor under the state laws should be punished, the fact that there were state misdemeanor statutes inapplicable to the exercise of municipal authority, would not render the ordinance void, but it would be valid as to those misdemeanors over which the municipality had authority.

(Simpson and Sayre, JJ., dissent.)

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by Charlie Smith against the Sloss-Sheffield Steel & Iron Company, for damages for false imprisonment. Judgment for plaintiff and defendant appeals. Reversed and remanded.

TILLMAN, BRADLEY & MORROW, for appellant. The main question in this case is whether the hirer of convicts, whose duty it is to receive the convicts, is liable for false imprisonment when he receives such convicts from a court of competent jurisdiction who regularly tries and regularly sentences them under an ordinance which was at the time treated as valid, but which was subsequently held to be invalid. We believe that the question should be answered in the negative and in support thereof, cite.—19 Cyc. 245, and authorities there cited; Cooley on Torts, (3rd ed.) 315, and authorities there cited; *Sessoms v. Botts,* 34 Tex. 335; *Hinkey v. McCord,* 55 Ia. 378; *Hallock v. Dominick,* 69 N. Y. 238; 13 Wall. 351; 86 Mich. 576; 99 Wis. 652; 16 S. C. 445; 157 Ind. 172; 24 Am. St. Rep. 140. It has been often held that the complaining witness is exempt from liability though the statute or ordinance be subsequently declared unconstitutional.—70 L. R. A. 464; 46 L. R. A. 215; 52 N. W. 904; 69 N. Y. 238. It cannot be doubted that the city of Birmingham had the authority to pass the ordi-

nance and that the judge who tried the case had general jurisdiction over municipal ordinances. Plaintiff was charged with the same knowledge of its invalidity as was the defendant, and should have tested its validity, and it can be said then that his imprisonment was voluntary.—*Allen v. Shedd,* 10 Cush. 375; 22 Ore. 164; 4 Johns 32; 70 L. R. A. 456; 7 Gray. 55. Under no circumstances were punitive damages recoverable.—25 W. Va. 139; 51 Pa. St. 191.

W. H. SMITH, and WILLIAM VAUGHAN, for appellee. The court had no jurisdiction of the subject matter. All the proceedings were absolutely void, and hence, defendant was a trespasser.—*Duckworth v. Johnson,* 7 Ala. 578. Consent could not confer jurisdiction.—*Root v. Eslava,* 17 Ala. 430. The defendant was required to justify the imprisonment and it cannot seek protection behind a void process or a void conviction.—19 Cyc. 345; *Oates v. Bullock,* 136 Ala. 537; *Noles v. The State,* 24 Ala. 672; *Craig v. Burnett,* 32 Ala. 728; *Withers v. Coyles,* 36 Ala. 329; *Woodall v. McMillan,* 38 Ala. 622. A void act is neither a law nor a command.—*Hopkins v. Clemson College,* U. S. Sup. Ct. in MSS. Every man is his own constitutionalist.—*Norwood v. Goldsmith,* 168 Ala. 234.

McCLELLAN, J.—Action for damages for false imprisonment.

The bill of exceptions recites that the following ordinance of the city of Birmingham, under which the plaintiff was tried and convicted, "was regularly adopted and promulgated and in force and effect at and before the time of plaintiff's arrest and conviction": "Ordinance 181.—Be it ordained by the city council of Birmingham, that section 805 of the City Code of Birming-

[Sloss-Sheffield Steel & Iron Company v. Smith.]

ham be and the same is hereby amended so as to read as follows: Section 805: Violation of State Laws an Offense. Any person or persons committing an offense in the city of Birmingham, which is declared by any law or laws of the state of Alabama heretofore or hereafter enacted to be a misdemeanor, shall, upon conviction, be punished as provided in section 806 of the City Code of Birmingham.

In the act entitled "An act to establish a new charter for the city of Birmingham," approved December 12, 1890 (Acts 1890-91, pp. 114, 134), it was provided "that the said mayor and aldermen shall have full power and authority, * * * 2d. To punish all offenses against the peace, good order, morals, health or sanitation of the city, * * * *and to punish any act which is by law a crime or misdemeanor against the state.*" (Italics supplied.) A similar provision to that italicized was contained in the charter of that city, approved February 23, 1899 (Local Acts 1890-99, pp. 1413, 1414, subd. 23), except that the words "a crime" were omitted. See Weakley's Local Laws, Jefferson County, p. 164, subd. 23. The ordinance under which plaintiff was convicted is practically identical in terms· with the italicized charter provision.

Two questions, then, arise: First, has the ordinance been annulled by subsequent (to the charter of 1899) legislation; second, if not, is it void for uncertainty, indefiniteness?

The only legislation, of which we are aware, that could possibly effect the repeal (and that by implication only) of the italicized charter provision is the Municipal Code.—Acts 1907, p. 790 et seq. See Pol. Code, c. 32. That enactment purports, on its face (section 200) to repeal only those "laws and parts of laws, both general and special, in conflict" therewith. In

section 80 (Pol. Code, 1251), general powers to adopt ordinances, not inconsistent with state laws, are given municipalities. Otherwise there are no provisions of the Municipal Code we can discover that affect the inquiry first stated. Obviously there is nothing in the section mentioned wherewith the italicized provision of the earlier charter is in conflict. Hence there was no repeal of the earlier charter power to punish all acts condemned by misdemeanor statutes. Besides, it is well settled that changes in municipal charters do "not affect existing ordinances in harmony with new provisions." —*Ventress v. Town of Clayton*, 165 Ala. 349, 51 South. 763; *Ferrell v. City of Opelika*, 144 Ala. 135, 39 South. 249; 1 Dillon on Munic. Corp. (5th Ed.) 233. This ordinance is within the rule.

Is the ordinance void for uncertainty, indefiniteness? In determining the validity of ordinances, a reasonable construction will be given them; the judicial inclination being to sustain, rather than overthrow, them.—2 Dillon's Munic. Corp. (5th Ed.) § 646; *Orme v. Tuscumbia*, 150 Ala. 520, 43 South. 584. "Ordinances must, by fair and natural construction, be certain to a common intent.—28 Cyc. p. 354. "Common intent" is defined as "the natural sense given to words."—1 Bouv-Law Dict.; Black's Law Dict.

Where an ordinance is penal, as here, it must be strictly construed in determining whether the act charged is within the prohibition of the ordinance, not merely within its spirit.—*City Council of Montgomery v. L. & N. R. R. Co.*, 84 Ala. 127, 132, 4 South. 626. "The purpose of the rule (i e., of strict construction of penal statutes) is to prevent acts from being brought within the scope of punishment, because courts may suppose they fall within the spirit of the law, though not within its terms."—See also, Endl. on Interp. of Stat-

utes, § 329, p. 454; 2 Lewis, Suth. St. Const. §§ 520-527, and notes thereto.

The ordinance under consideration would constitute municipal offenses of the violation of the misdemeanor statutes of the state. Of its purpose, there could be no doubt. In its form this ordinance falls within the category called, in respect of statutes, "reference statutes." It refers with absolute certainty to the misdemeanor statutes of the state. BRICKELL, C. J., in *Phoenix Assurance Co. v. Fire Dept. of Montgomery,* 117 Ala. 631, 23 South. 843, 42 L. R. A. 468, said that such enactments were "statutes which refer to and by reference adopt, wholly or partially, pre-existing statutes. In the construction of such statutes, the statute referred to is treated and considered as if it were incorporated into and formed part of that which makes the reference."— *Ex parte Greene & Graham,* 29 Ala. 52; Lewis, Suth. on Stat. Const. §§ 405-407; Endl. on Int. Stat. § 493; *Matthews v. Sands,* 29 Ala. 136; *Hooper v. Bankhead,* 171 Ala. 629, 54 South. 549, 552; *Beason v. Shaw,* 148 Ala. 544, 42 South. 611, 18 L. R. A. (N. S.) 566. A reference statute may adopt the law generally which governs a particular subject.—Lewis, Suth. § 405, p. 789; *Culver v. People,* 161 Ill. 89, 97, 43 N. E. 812; *Gaston v. Lamkin,* 115 Mo. 20, 33, 34, 21 S. W. 1100; *Cole v. Wayne, Judge,* 106 Mich. 692, 64 N. W. 741; other authorities, supra. Municipal ordinances are construed by the same rules as are statutes.—*Harbor Master, etc., v. Southerland,* 7 Ala. 511; 28 Cyc. pp. 388, 389, and notes thereon. No reason appears why ordinances and by-laws may not avail of the principles, whereby *reference statutes* are construed and given effect, provided, of course, the municipality has the power to ordain as undertaken.

The argument, as respects its indefiniteness and un-certainty, against the ordinance necessarily is that the *reference* to the state's misdemeanor statutes is too broad; that is, brings in too comprehensive a list of laws, whereby the conduct of individuals is to be affect-ed. If the misdemeanor statutes referred to in the ordinance were those of another sovereignty than the *parent* of the municipality promulgating this ordinance, there might be force in the suggestion. But, since the very statutes to which the ordinance refers apply and control, as by direct state authority, the conduct of every person upon whom the ordinance could have an influence or operate an effect, and since the familiar presumption against ignorance of law imposes upon every person in the jurisdiction of the municipality of Birmingham the binding quality, as upon presumed knowledge, of the misdemeanor statutes to which the ordinance definitely refers, it is evident that no injus-tice, from ignorance of the substance of the ordinance —the conduct it would affect—could result to any per-son within that jurisdiction. To so affirm would im-pute ignorance of the commands of the ordinance, be-cause the misdemeanor statutes of the state were *not set out therein;* whereas, by irrefutable presumption, per-fect knowledge of those statutes, in force as the law of the state, was imputed to every person permanently or temporarily within the jurisdiction of the municipal-ity. What the misdemeanor statutes of the state were or are could not be a matter of doubt. They are *enacted* to employ the term in the ordinance, by the lawmaking powers of the state. They are written. They were or are *law* in the same jurisdiction in which the ordinance operated. Reference to them, in the ordinance, brought into the ordinance as definite a system of law, enacted by the *parent* of the ordaining authority, as was pos-

[Sloss-Sheffield Steel & Iron Company v. Smith.]

sible, without specifying, eo nomine, the particular enactments to which the ordinance had reference.

If it be assumed that there were or are state misdemeanor statutes inapplicable or inappropriate to the exercise of municipal authority, this condition would not lead to the *invalidity* of this ordinance. "The fact that an ordinance covers matters which the city has no power to control is no reason why it should not be enforced as to those which it may control."—*City Council, etc., v. Shaddox,* 138 Ala. 263, 266, 36 South. 369; *Ex parte Cowart,* 92 Ala. 94, 9 South. 225; *Kettering v. Jacksonville,* 50 Ill. 39; *Ex parte Byrd,* 84 Ala. 17, 4 South. 397, 5 Am. St. Rep. 328. "An ordinance, like a statute, may be valid in some of its provisions and invalid as to others."—*Ex parte Byrd, supra; Ex parte Cowert, supra,* and authorities therein cited; *City Council, etc., v. Shaddox, supra.* We therefore conclude that the ordinance first quoted before is not invalid.

The recent decision delivered in *Kreulhaus' Appeal,* 164 Ala. 623, 51 South. 297, 26 L. R. A. (N. S.) 492, involved an ordinance different in terms from that here considered; and, also, no account was taken of the italicized charter provision before quoted.

The survival of the plaintiff's cause of action, as here pleaded, was and is dependent upon the invalidity of the ordinance in question. Our conclusion is opposed to the plaintiff's contention. It was valid. Accordingly the affirmative charge requested by the defendant was erroneously refused.

The judgment is reversed and the cause is remanded.

Reversed and remanded.

ANDERSON, MAYFIELD, and SOMERVILLE, JJ., concur. SIMPSON and SAYRE, JJ., dissent. DOWDELL, C. J., not sitting.