# City of Montgomery v. Davis.

### Violating Municipal Ordinance.

(Decided February 10, 1917. Rehearing denied March 27, 1917. 74 South. 730.)

**Municipal Corporations; Ordnance; Validity.**—An ordinance of a city providing that anyone who commits an offense within the city, or its jurisdiction, declared to be a misdemeanor by any prohibition law or laws of the state, shall, upon conviction, be fined, and may also be imprisoned, is valid under the doctrine of the adoption of ordinances by reference, and under the provision of § 1251, Code 1907.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

Arthur Davis was convicted in the Recorder's Court of a violation of the prohibition laws,.and on appeal to the city court of Montgomery he was discharged, and the city appeals. Reversed and remanded.

W. E. ANDREWS, for appellant. L. A. SANDERSON, for appellee.

PELHAM, P. J.—The only question raised on the record is the validity of an ordinance of the city of Montgomery upon which the defendant was convicted in the court of original jurisdiction for a violation of the prohibition laws of the state. After conviction in the recorder's court the defendant (appellee) took an appeal to the city court of Montgomery, and that court held the ordinance in question invalid, and ordered the discharge of the defendant. From that judgment the city prosecutes this appeal.

Section 1 of the ordinance adopted by the municipality January 6, 1916, that the trial court held to be invalid and refused to allow admitted in evidence, is as follows: "Section 1. That any

[Hall v. The State.]

person, firm or corporation or association committing an offense
in the city of Montgomery, or within the police jurisdiction
thereof, which is declared to be a misdemeanor by any prohibi-
tion law or laws of the state of Alabama, enacted to promote·
temperance and to suppress the evils of intemperance shall upon
conviction be fined not less than fifty, nor more than one hundred
dollars, and may also be imprisoned or sentenced to hard labor
for a period not exceeding six months, one or both at the discre-
tion of the court."

Under the doctrine of the adoption of ordinances by reference,
as fully discussed in the opinion of the Supreme Court by Justice
McClellan in the case of *Sloss-Sheiffeld Steel & Iron Co. v. Smith,*
175 Ala. 260, 57 South. 29, and on the authority of that case and
cases therein cited, we think that the ordinance adopted by the
city was valid, and that it was a proper and authorized exercise of
its power to adopt ordinances under the general grant of powers
by the state to municipalities to adopt ordinances.—Code 1907,
§ 1251.   Under this section the amplest authority is conferred on
municipal governing bodies to enact ordinances within the scope
defined.—*Borok v. City of Birmingham,* 191 Ala. 75, 67 South.
389, Ann. Cas. 1916C, 1061.   As said in the opinion in the case of
*Sloss-Sheffield Steel & Iron Co. v. Smith, supra,* the ordinance
here under consideration is different in terms from the ordinance
considered in the case of *Krelhaus v. City of Birmingham,* 164
Ala. 623, 51 South. 297, 26 L. R. A. (N. S.) 492, and that case is
clearly distinguishable from the case in hand.

From what we have said, it follows that it is our holding that
the trial court was in error in holding the ordinance invalid, and
refusing to admit it in evidence. ·

Reversed and remanded.