160 So. 549

### SCONYERS v. TOWN OF COFFEE SPRINGS.

#### 4 Div. 39.

Court of Appeals of Alabama.
March 27, 1934.

Rehearing Granted June 30, 1934.

Further Rehearing Denied Oct. 30, 1934.

Reversed after Mandate Feb. 5, 1935.

Rehearing Denied Feb. 26, 1935.

E. C. Boswell, of Geneva, for appellant.

A. A. Smith, of Hartford, for appellee.

RICE, Justice.

Appellant, *after* his demurrers to the complaint, etc., had been overruled—but without objection—filed *six* several "pleas in abatement."

Demurrers by appellee to these pleas were sustained.

The single assignment of error based upon this last-named action of the court is that numbered 2, on the transcript, which is in the following language, to wit: "The court erred in sustaining plaintiff Town of Coffee Springs demurrers to defendant's *plea* (sic) in abatement." (Italics ours.)

On this subject, we may say, here, as the Supreme Court did in the opinion in the case of Schneider v. Southern Cotton Oil Co., 204 Ala. 614, 87 So. 97, 98: "The brief for appellant states some general propositions, making no specific application to the rulings assigned for error. * * * In any case, this court cannot be put in search of error not specifically assigned and argued in brief."

*Some* of the pleas mentioned were *obviously* infected with the (an) infirmity pointed out by the demurrers; if there were those that were not, it was incumbent upon appellant to specifically point them out, etc., although, the opinion in the case of Cooper v. Town of Valley Head, 212 Ala. 125, 101 So. 874, might seem to indicate that he would have had difficulty in doing so.

Assignment of error No. 2, mentioned, is without merit.

We discover no prejudicial error in the admission in evidence of the ordinance under which the prosecution was laid—the only other matter complained of in appellant's brief. Code 1923, §§ 2000 and 7687.

The judgment is affirmed.

Affirmed.

## On Rehearing.

PER CURIAM.

The ordinance offered by the town of Coffee Springs was as follows:

"No. 6. An Ordinance

"Making it an offense against the Town of Coffee Springs to violate any of the laws of the State of Alabama.

"Be it ordained by the Town of Coffee Springs, Ala., that it be unlawful for any person or persons to commit an offense in the Town of Coffee Springs, or within the police jurisdiction thereof, which is declared by any law or laws of the State of Alabama heretofore or hereafter enacted to be a misdemeanor; and be it further ordained that any person or persons violating this ordinance shall, upon conviction be punished for such violation, and fined in accordance with the State law or laws violated."

This evidence was objected to on the following grounds:

"And the defendant objects to the introduction of Ordinance No. 6, first, because the ordinance appears to be void for indefiniteness; Second, because the ordinance attempts to make a violation of a city or municipal law acts that are not violations of the State law; Third, because the ordinance does not provide any punishment; Fourth, because the punishment set forth in the ordinance is vague, indefinite and uncertain; Fifth, because the ordinance does not purport to have been publishes(d) as provided by law."

The penalty fixed for a violation of the ordinance is void in that such penalty is in excess of the authority granted by section 1992 of the Code of 1923, and is therefore inconsistent with the statute.

This question was not specifically passed on in the original opinion, except in general terms, but we are now of the opinion that the error was prejudicial and the application for rehearing is granted, affirmance is set aside, and the judgment is reversed and the cause is remanded.

RICE, Justice (dissenting).

The opinion heretofore promulgated by the writer has now been superseded by one by my brethern, granting appellant's application for rehearing and reversing the judgment of conviction on the sole ground, as I read it, that the ordinance No. 6 of the town of Coffee Springs, therein referred to, was improperly admitted in evidence because, in the words of the writer of the majority opinion: "The penalty fixed for a violation of the ordinance is void in that such penalty is in excess of the authority granted by section 1992 of the Code of 1923, and is therefore inconsistent with the statute." That is all. The adoption, publication, promulgation, of said ordinance, I take it, are approved by my brethren.

Not to mention the fact that nowhere, in any manner, is the invalidity of the said ordinance on the ground mentioned in the majority opinion argued here in the briefs filed on behalf of appellant, it seems to me that he, being assessed a fine of $50—within the statutory limits referred to—is not in position to complain.

For, as said in 43 C. J., p. 552: "The possible invalidity of penalties prescribed by a municipal ordinance for violation of its provisions does not defeat other provisions where the penalties are separable from the rest of the ordinance." And "this principle has been held applicable to ordinances which fix a fine * * * in excess of that permissible under * * * Statute, it being held that the penalty or punishment may be enforced to the extent to which it is permissible under * * * Statute." Id.

The Supreme Court of our state, it appears to me, inclines to the view quoted. See Sloss-Sheffield S. & I. Co. v. Smith, 175 Ala. 260, 57 So. 29.

I therefore respectfully dissent.

## After Remandment.

PER CURIAM.

As stated in the former opinion of this court, and also of the Supreme Court on certiorari, this appellant was tried and convicted for the violation of a certain ordinance of the town of Coffee Springs. The ordinance in question being No. 6.

Appellant insists that the point of decision raised by his assignment of errors 3 and 4 has not been discussed, considered, or decided in either of the opinions, supra, and, as he has the legal right to do, makes renewed insistence that a decision be rendered thereon.

■ Upon the trial of this case in the court below, the attorney for appellee offered in evidence said Ordinance No. 6 whereupon the defendant objected to its introduction upon the grounds: "Because the ordinance does not purport to have been published as provided by law." The objection was overruled and defendant duly excepted.

Section 1999 of the Code of Alabama 1923 provides as follows: "*Ordinances; publication and recording.*—All ordinances shall, as soon as practicable after their passage, be recorded in a book kept for that purpose, and be authenticated by the signature of the clerk, and all ordinances or regulations of a general or permanent nature shall be published in some newspaper of general circulation in the city or town, but if no such newspaper is published within the limits of the corporation, such ordinances or resolutions may be published by posting copies thereof in three public places within the limits of the city or town, one of which places shall be at the postoffice or the mayor's office in such city or town. When the ordinance is published in the newspaper, it shall take effect from and after the time it shall first appear in said publication, and when published by posting it shall take effect five days thereafter, except as herein otherwise provided. Immediately following the record of any ordinance the clerk shall append a certificate stating therein the time and manner of publication thereof, which certificate shall be presumptive of the facts stated therein. All ordinances granting a franchise shall be published at the expense of the party or parties to whom the franchise is to be granted. In cities or towns having a population of less than three thousand inhabitants as shown by the last or any subsequent federal census, publication may be either by posting as herein provided in case of no newspaper being published in the town, or by publication in a newspaper, at the option of the governing body of such city or town."

Ordinance No. 6 is not a compliance with section 1999 and was for that reason inadmissible. There is no certificate of the clerk stating the time and manner or the publication of the ordinance, and the ordinance offered in evidence in no way showed any publication.

Section 2000 of the Code of Alabama 1923 provides: "Ordinances and resolutions purporting to be published by authority of the council, in book or pamphlet form, shall be received as evidence of the passage and legal publication of such ordinances as of the dates mentioned or provided for therein, in all courts and places, without further proof."

The ordinance here offered and objected to by appellant does not purport to be published by authority of the council, in book or pamphlet form, and no certificate of the clerk as to its legal publication was offered. The ordinance, as offered, was inadmissible.

In the case of Smith v. Town of Eclectic, 18 Ala. App. 329, 92 So. 212, 213, it was held: "No ordinance of a general or permanent nature becomes effective until after its publication."

And in that case this court makes the following observation with reference to an ordinance offered in evidence without proof of its publication:

"In this case no question is raised as to the passage of the ordinance. But before an ordinance can become operative or effective its

publication is just as essential as its passage; for the mere existence of an ordinance is no evidence that it is effective.

"The rule of evidence as to municipal ordinances and resolutions provided for in section 1259 of the Code 1907 [section 2000, Code 1923] relates only to such ordinances and resolutions which purport to be published by authority of the council, etc., and its terms therefore are not applicable here, for the reason that nowhere in or on said book were there any words purporting to show that the book in question or any ordinance therein recorded was published by authority of the council. Neither was there any proof of the publication of the ordinance.

"The same is true as to section 3989 of the Code 1907. The book is not a compliance with the provisions of this statute, it being neither a printed book nor did it purport to be an official publication of ordinances or by-laws of the town of Eclectic. It is therefore not within the terms of this statute. The burden of proving the existence of a valid ordinance, its publication, etc., is on the party asserting its existence and effectiveness. Schott v. People, 89 Ill. 195.

"There being no proof of the publication of the ordinance, it was prima facie ineffective, and therefore irrelevant, and was subject to the objections interposed by defendant, and the court erred in overruling the objections to the introduction of the so-called ordinance in evidence. For this error the judgment of the lower court must be reversed, and the cause remanded."

The above case is analogous with the case here presented, the only difference being in the Smith Case, a book containing certain ordinances that had been recorded therein was offered in evidence and objected to by the defendant, because there was no proof of their legal publication, while here, when the specific ordinance No. 6 was offered in evidence, and objected to for the same reason, that is that it did not purport to have been published as provided by law.

■ The burden is on the party asserting the existence and effectiveness of an ordinance to show that it was published, and as there is no evidence in the record anywhere that Ordinance No. 6 has ever been published, the defendant's objection to its introduction should have been sustained.

In the case of Cooper v. Town of Valley Head, 212 Ala. 125, 101 So. 874, 876, opinion by Bouldin, J., construing section 3989 of the Code 1907, makes the following observations: "This later statute, appearing in the chapter on Documentary Evidence, declares ordinances self-proving in two classes of cases: (1) A printed code or revision of by-laws or ordinances (a) purporting, on the face of the book, to be printed by authority, or to be a code of by-laws or ordinances of the municipality, or (b) when the book has thereon the certificate of the clerk or recording officer under his hand that it is an official publication of ordinances of the municipality; (2) any ordinance or by-law certified by such official as correct. These are made 'prima facie evidence of the due adoption and continued existence of the by-laws or ordinances therein printed, or so certified as correct, without further proof.' "

The ordinance here in question in no way meets the requirements set forth making it a self-proving document.

■ Courts do not take judicial notice of municipal ordinances and the burden is on the municipality in prosecutions by them for the violation of an ordinance to prove validity, and in order to make this proof and to comply with section 1999 of the Code of Alabama 1923, proof of publication of the ordinance must be made, and unless and until the authenticity of the ordinance is shown in some manner, as provided by law, either under section 1999 or section 2000 of the Code of Alabama 1923, or as provided by section 7687 of the Code of Alabama 1923, the introduction in evidence of the ordinance over the objection of the defendant is illegal and constitutes reversible error.

There is no evidence anywhere in this record showing or tending to show that Ordinance No. 6 was ever published as provided by law.

For the error in the ruling of the court hereinabove discussed, the judgment of the lower court from which this appeal was taken is reversed and the cause remanded.

Reversed and remanded.

RICE, J., dissents.