160 So. 552

## SCONYERS v. TOWN OF COFFEE SPRINGS.

### 4 Div. 796.

Dec. 6, 1934.

A. A. Smith, of Hartford, for the motion.

E. C. Boswell, of Geneva, opposed.

KNIGHT, Justice.

This cause comes before us on petition of the town of Coffee Springs, a municipal corporation, for writ of certiorari to the Court of Appeals, to review and revise the judgment of that court in the case of J. D. Sconyers v. Town of Coffee Springs, 160 So. 549, on appeal from the circuit court of Geneva county, Ala.

The appellant, J. D. Sconyers, was convicted in the mayor's court of the town of Coffee Springs of the offense of public drunkenness; was fined in that court for said offense the sum of $25, and thereupon appealed from the judgment there entered to the circuit court of Geneva county. In the last-named court, defendant was again convicted and fined $50.

On appeal to the Court of Appeals, the case was affirmed on original submission, but on appellant's application for rehearing, the Court of Appeals reversed the judgment of the circuit court.

The ordinance under which the appellant was tried reads as follows: "Be it ordained by the Town of Coffee Springs, Ala. That it be unlawful for any person or persons to commit an offense in the Town of Coffee Springs, or within the police jurisdiction thereof, which is declared by any law or laws of the State of Alabama heretofore or hereafter enacted to be a misdemeanor; and be it further ordained that any person or persons violating this ordinance shall, upon conviction be punished for such violation, and fined in accordance with the State law or laws violated."

This ordinance is termed a general or reference ordinance. Such ordinances, except in

the particulars hereafter to be noted, have received the approval of this court, when all statutory or charter requirements as to their passage and publication have been met. Casteel v. City of Decatur, 215 Ala. 4, 109 So. 571; Sloss-Sheffield S. & I. Co. v. Smith, 175 Ala. 260, 57 So. 29; Ex parte Davis, 200 Ala. 436, 76 So. 368.

This court has not passed upon any reference ordinance where the same penalty prescribed by the state law was also prescribed in the municipal ordinance for a similar offense. This penalty provision of the ordinance in question is the distinguishing feature between the ordinance now before us and other reference ordinances which have been upheld by this court.

The Court of Appeals, in the majority opinion, held, to quote the language of the opinion: "The penalty fixed for a violation of the ordinance is void in that such penalty is in excess of the authority granted by section 1992 of the Code of 1923, and is therefore inconsistent with the statute."

For this reason, the Court of Appeals held the entire ordinance void. In this ruling there was error.

The maximum punishment under the state law for public drunkenness is a fine of $100. Code 1923, § 3883.

The maximum fine that may be imposed for a violation of a municipal ordinance is $100. Code 1923, § 1992.

It therefore appears that the ordinance in question, in so far as it applies to the offense of public drunkenness, does not attempt to fix a penalty in excess of the amount authorized by section 1992 of the Code.

■ Does the fact that the ordinance attempts to prescribe penalties, in other cases, in excess of those authorized by the statute, render the entire ordinance void? We think not.

In 19 Ruling Case Law, § 116, pages 811, 812, the author has this to say with reference to ordinances, which prescribe penalties in excess of charter authority: "An ordinance which, while it prescribes a minimum penalty, does not fix a maximum, and thus leaves to the court the power in its discretion to impose any penalty in excess of the minimum is, however, void for uncertainty. Where the penalty prescribed in the ordinance is in excess of that authorized by the charter, *the ordinance is not void, and the penalty may be enforced to the extent that it does not exceed the lawful limit.*" (Italics supplied.)

In 43 Corpus Juris, § 860, the author, in discussing provisions of municipal ordinances relating to fines, arrest, imprisonment, and costs, makes the following observation: "If the only method prescribed for the enforcement of the ordinance is invalid, the courts are without power to substitute a different and legal method. On the other hand the possible invalidity of penalties prescribed by a municipal ordinance for violation of its provisions does not defeat other provisions where the penalties are separable from the rest of the ordinance. And if the section or clause of an ordinance providing for penalties or punishments contains provisions which may be regarded as separable and distinct the fact that one of the provisions is for any reason void does not invalidate the other. This principle has been applied to ordinances punishing by both fine and imprisonment where the municipality has authority to punish by fine only; to ordinances providing for arrest in addition to the imposition of a penalty where, under the constitution, the municipality has no authority to provide for arrest; to ordinances authorizing either fine or imprisonment or both where the statute requires punishment to be either by fine or imprisonment; and to ordinances prescribing alternative penalties, one of which is unauthorized and void. So also the principle has been held applicable to ordinances which fix a fine or period of imprisonment in excess of that permissible under charter or statute, it being held that the penalty or punishment may be enforced to the extent to which it is permissible under charter or statute."

The author cites as taking a contrary view the case of Morris v. Conneaut, 20 Ohio N. P. (N. S.) 289.

In the case of City of Cartersville v. McGinnis, 142 Ga. 71, 82 So. 487, Ann. Cas. 1915D, 1067, the Supreme Court of Georgia, in reviewing a case wherein an ordinance of the city of Cartersville provided a punishment in excess of charter powers, held that the clause of the ordinance was only void for the excess over the charter limit.

In the case of City of Keokuk v. Dressell, 47 Iowa, 597, which involved an ordinance which provided for a term of imprisonment, in excess of the time prescribed by the Constitution, the Supreme Court of Iowa observed: "The ordinance, while it provides for imprisonment which may be in excess of the time prescribed by the constitution, provides also for punishment authorized by that instrument. Its provisions are not void, for they are not necessarily in conflict with the constitution. They may be enforced until

they reach the limit of the punishment prescribed in the constitution."

Without regard to the foregoing considerations, the ordinance in question, so far as it applies to public drunkenness (the offense of which appellant was convicted), does not offend section 1992 of the Code. The maximum fine fixed by the ordinance was $100, being the exact maximum prescribed by the statute on the subject. The ordinance, in so far as it deals with public drunkenness, is clearly free of objection. This being true, the case of Sloss-Sheffield S. & I. Co. v. Smith, 175 Ala. 260, 57 So. 29, is somewhat in point. It was there held: "Where a municipal ordinance provided that any person guilty of a misdemeanor under the state laws should be punished, the fact that there were state misdemeanor statutes, inapplicable to the exercise of municipal authority, would not render the ordinance void, but it would be valid as to those misdemeanors over which the municipality had authority."

We are at the conclusion that the Court of Appeals erred in holding the ordinance under which appellant was convicted void. For the error indicated, the judgment of the Court of Appeals will be here reversed, and the cause remanded to that court for further proceedings in conformity to this opinion.

Writ granted.

All the Justices concur.