66 So.2d 89

**REYNOLDS v. McFADYEN, Chief of Police.**

**1 Div. 544.**

Supreme Court of Alabama.

May 21, 1953.

Rehearing Denied June 30, 1953.

236

D. R. Coley, Jr., Mobile, for appellant.

Harry Seale, Mobile, for appellee.

LAWSON, Justice.

Guy Reynolds, on December 7, 1952, and for a considerable period of time prior thereto, operated a grocery business known as the Trade Post at the intersection of Michigan Avenue and Duval Street in the City of Mobile. Reynolds describes his business as a variety store where he sold bakery products, canned goods, milk, bread and groceries of all types. In addition to food products, he also sold toys, fishing tackle and other forms of sporting goods.

The City of Mobile has for some time had an ordinance which by reference makes municipal offenses of the violation of the misdemeanor statutes of the state. Sloss-Sheffield Steel & Iron Co. v. Smith, 175 Ala. 260, 57 So. 29; Casteel v. City of Decatur, 215 Ala. 4, 109 So. 571; State v. Town of Springville, 220 Ala. 286, 125 So. 387; Montgomery v. Davis, 15 Ala. App. 606, 74 So. 730; Fealy v. Birmingham, 15 Ala.App. 367, 73 So. 296; Grissett v. City of Birmingham, 28 Ala.App. 138, 181 So. 302, certiorari denied, 236 Ala. 110, 181 So. 306; Slayton v. State, 31 Ala.App. 622, 21 So.2d 122. See Sconyers v. Town of Coffee Springs, 230 Ala. 12, 160 So. 552.

Reynolds was arrested on a warrant issued by the recorder of the City of Mobile charging that he had violated the terms of the aforementioned ordinance in that while being a merchant or shopkeeper he kept a store open on Sunday, December 7, 1952, in violation of § 420, Title 14, Code 1940, as amended, which section reads as follows:

"Any person who compels his child, apprentice, or servant to perform any labor on Sunday, except the customary domestic duties of daily necessity or comfort, or works of charity; or who engages in shooting, hunting, gaming, card playing, or racing on that day; or who, being a merchant or shopkeeper, druggist excepted, keeps open store on that day, shall be fined not less than ten nor more than one hundred dollars, and may also be imprisoned in the county jail, or sentenced to hard labor for the county for not more than three months. The provisions of this section do not apply to the running of railroads, stages, or steamboats, or other vessels navigating the waters of this state, or any manufacturing establishment which is required to be kept in constant operation; and nothing herein shall prevent the sale of gasoline or other motor fuels or motor oils on Sunday. Provided, that it shall be lawful to engage in motorcycle and automobile racing on Sunday, whether admis-

sion is charged or not, except that this proviso shall not be construed to prevent any municipality from passage of ordinances prohibiting such racing on Sunday."

On December 10, 1952, Reynolds was convicted in the recorder's court of the City of Mobile. He was fined the sum of $100 and in default of the payment of the fine he was sentenced to perform hard labor for ninety days. Having failed to pay the fine, Reynolds was committed to jail.

While confined by the City of Mobile under this conviction, a writ of habeas corpus was applied for by Reynolds to secure his release.

After a hearing in the habeas corpus proceeding, Reynolds was remanded to the city jail of Mobile and the petition for habeas corpus dismissed. From that judgment he has appealed to this court.

Although it is the municipal ordinance which Reynolds challenges the constitutionality of and under which he was convicted, the ultimate issue presented is the constitutionality of § 420, Title 14, Code 1940, since that statute is incorporated by reference into the ordinance. If § 420, supra, be void, then the ordinance of the City of Mobile is *pro. tanto* void in so far as it adopts the provisions of § 420, supra, by reference. Hence the discussion hereafter will be directed to § 420, supra.

As we understand the contentions of appellant as presented in his brief here and petition below, they are specifically: (1) That the Sunday closing provisions of the aforementioned statute contravene the equal protection clause of the Fourteenth Amendment to the Federal Constitution, inasmuch as such provisions, as judicially construed, employ an unreasonable classification and make an arbitrary distinction between various types of businesses; (2) that, if such provisions be valid, appellant and those similarly situated have been denied equal protection of the laws through the application of the statute by the public authorities who have administered it so as to make unjust and illegal discriminations against appellant and those similarly situated.

Petitioner would be entitled to his discharge on habeas corpus if the Sunday closing provisions of § 420, supra, are unconstitutional on the asserted ground, for, as before indicated, it is those provisions incorporated into the reference ordinance which led to his conviction. In such circumstances, the court would have no jurisdiction and the arrest, trial and conviction of the defendant under the void law would be a nullity. Barton v. City of Bessemer, 234 Ala. 20, 173 So. 626.

But this court in the case of Lane v. McFadyen,[1] 66 So.2d 83, has upheld the constitutionality of the law under which petitioner was convicted as against the attack which petitioner here makes against that law.

In support of his contention that habeas corpus will lie to discharge a person who has been convicted under a law valid on its face on the ground that the law has been so administered as to deprive the convicted person of the equal protection of the law, petitioner relies upon the cases of Yick Wo v. Hopkins (Wo Lee v. Hopkins) 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220. It is true that in those cases the Supreme Court of the United States reversed and remanded to the courts from which the two cases originated, with directions to discharge. We are not sure that this action of the Supreme Court of the United States was rested solely on its finding that the ordinance there under consideration had been so administered by certain municipal officials as to deny petitioners the equal protection of the law. The constitutionality of the ordinance was involved and was discussed at length. The later case of Fong Yue Ting v. United States, 149 U.S. 698, 13 S.Ct. 1016, 37 L.Ed. 905, seems to have construed the opinion in the Yick Wo and Wo Lee cases as holding that the ordinance itself was unconstitutional. See McDonald v. State, 81 Ala. 279, 2 So. 829. Moreover, it does not appear that the question of the appropriateness of the remedy was considered.

But regardless of the rule in the federal courts and in California, the rule seems to be well established in this state

238

that habeas corpus will not lie to discharge one convicted by a court of competent jurisdiction unless the judgment be invalid for an excess of jurisdiction on the face of the proceedings. Griffin v. State,[1] 63 So.2d 682; Johnson v. Williams, 244 Ala. 391, 13 So.2d 683; Vernon v. State, 240 Ala. 577, 200 So. 560; Sneed v. State, 157 Ala. 8, 47 So. 1028; Davis v. State, 153 Ala. 73, 45 So. 154. See Ex parte Bizzell, 112 Ala. 210, 21 So. 371, where the above-stated rule was applied to a conviction in the mayor's court of the City of Mobile.

It follows, therefore, that petitioner was not entitled to be discharged on the basis of parol proof going to show the arbitrary and discriminatory manner in which the Sunday closing law of the City of Mobile was administered by the law enforcement officials of that city.

We conclude, therefore, that petitioner was not entitled to his discharge on either of the grounds asserted and the judgment appealed from is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.